David G. GODAR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9312–CR–471.

Court of Appeals of Indiana, First District.

Nov. 30, 1994.

Rehearing Denied March 1, 1995.

Richard A. Mann, Mann & Deeter, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-defendant David G. Godar appeals his convictions for Operating a Vehicle While Intoxicated with at least .10% by Weight of Alcohol in his Blood[1], a Class A misdemeanor, and Possession of Marijuana[2], a Class A misdemeanor. Godar raises several issues, but we address his two dispositive claims only.

### FACTS

At approximately 2:15 a.m. on January 23, 1993, Indianapolis Police Officer Terrance Schneider watched a car stop briefly and the driver and passenger exchange places. The car continued a short distance and then Officer Schneider stopped the vehicle. The officer radioed for assistance and Officer Rolley Ferguson arrived at the scene. As Godar stepped from the driver's side of the car, Officer Schneider smelled alcoholic beverage on Godar's breath, noticed that he swayed, and saw that his eyes were glazed and bloodshot. Godar admitted that he had been drinking earlier that evening. When the front seat passenger, Melborne Worrell, became agitated, the officers searched the car for weapons since two other passengers remained in the back seat. They discovered a bag containing 5.77 grams of marijuana underneath the front passenger seat. Worrell and Godar were both arrested for possession of marijuana. Godar was also advised of Indiana's Implied Consent Law. Officer Ferguson administered a BAC Datamaster breath test on Godar at 3:05 a.m. Because the test result was .14%, Godar was also

1. IND.CODE 9–30–5–1.

2. IND.CODE 35–48–4–11.

charged with operating a vehicle with at least .10% by weight of ·alcohol in his blood.

At the jury trial, Worrell claimed ownership of the marijuana in Godar's car and testified that he had been convicted for possession of that marijuana. Regarding the operating charge, the evidence of Godar's blood alcohol content consisted of the printout from the BAC Datamaster and Officer Ferguson's testimony that the test result was .14%. The jury found Godar guilty of both offenses.

### DISCUSSION AND DECISION

#### I. Sufficiency of Operating Conviction

■ Godar argues that the evidence was insufficient to support his conviction because the State failed to prove the percentage of alcohol by weight in his blood, one of the elements of I.C. 9–30–5–1. Specifically, he maintains that no evidence in the record shows that the BAC Datamaster measures blood alcohol content by weight. The districts of this court have split on whether a court may take judicial notice that breath test machines measure the percentage of alcohol by weight in a person's blood. Our supreme court finally laid this dispute to rest in *Baran v. State*, 639 N.E.2d 642, 646–47 (Ind.1994). *Baran* holds that because courts must take judicial notice of the breath test regulations, and the regulations require all breath test equipment to measure blood alcohol content as a percentage of weight by volume, the State is relieved from submitting formal proof of this fact in a bench trial. *Id.* at 647–48. However, in jury trials of criminal cases, the trial court must expressly take judicial notice of the effect of the breath test regulations and instruct the jury "that it may, but is not required to, accept as conclusive any fact judicially noticed." *Id.* at 648 (citing Ind.Evidence Rule 201(g)).[3] Godar correctly asserts that the trial court did not expressly take judicial notice of the regulations and instruct the jury accordingly. We are compelled by *Baran* to reverse Godar's conviction for operating a vehicle with a

blood alcohol content of at least .10% and remand for a new trial.

#### II. Sufficiency of Possession Conviction

■ Godar also argues that the evidence was insufficient for his possession conviction because the State failed to show he constructively possessed the marijuana. Constructive possession is established by showing the defendant has the intent and capability to maintain dominion and control over the contraband. *Jackson v. State* (1992), Ind.App., 588 N.E.2d 588, 591. The requisite intent may be inferred from the voluntary commission of the act. *Johnson v. State* (1993), Ind.App., 617 N.E.2d 559, 563. A substance can be possessed jointly by the defendant and another without any showing that the defendant had actual physical control thereof. *Id.* Therefore, the fact that Worrell was convicted of possession of the same marijuana does not preclude a finding that Godar also possessed the marijuana. However, when possession is nonexclusive, it must be shown that the defendant had actual knowledge of the presence and illegal character of the substance. *Id.*

■ In *Corrao v. State* (1972), 154 Ind. App. 525, 290 N.E.2d 484, 487, the driver of the vehicle and its owner, who was a passenger, were both convicted of possession of marijuana stored in the car's trunk. Their convictions were upheld because the driver and the owner had the ability to exercise dominion and control over the vehicle and their knowledge of the marijuana's presence and illegal nature were inferred from the smell of marijuana emanating from the car. *Id.*, 290 N.E.2d at 488. Two other passengers did not have control over the vehicle so their possession convictions were overturned. *Id.* Here, Godar had the ability to exercise dominion and control over the marijuana found under the passenger's seat. Not only was Godar driving the car when he was stopped by the police, he also owned the car. The State mistakenly believes that this was sufficient to show possession, citing *Young v. State* (1991), Ind.App., 564 N.E.2d 968, for the proposition that constructive possession

---

**3.** Although the evidence rules became effective after Godar's trial, the prior law was the same.

See *Shelton v. State* (1986), Ind., 490 N.E.2d 738, 744.

of items found in a car may be imputed to the driver. Although *Young* may be interpreted in that way, it relies upon *Corrao*, which presents the correct analysis that the State was required to present some additional evidence, from which it could be inferred that Godar knew of the presence of the contraband and its illegal character. *See Johnson*, 617 N.E.2d at 563.[4]

■ Additional circumstances that will support an inference of an intent to control the contraband are: possession of the drug on the defendant's person, the defendant had smoked marijuana from the same bag earlier, flight, proximity to contraband in plain view, furtive conduct, and the smell of marijuana emanating from the vehicle. *Id.; Lewis v. State* (1985), Ind.App., 482 N.E.2d 487, 491 (citations omitted); *Corrao*, 290 N.E.2d at 487.

■ Here, the State failed to produce additional evidence inferring Godar's knowledge of the presence of the marijuana and its illegal character. Although Godar had originally been the front seat passenger, which would place him in closest proximity to the marijuana, it was not in plain view to infer

his knowledge of its presence. Mere presence where drugs are located or association with persons who possess drugs is not alone sufficient to support a finding of constructive possession. *In the Matter of J.L.* (1992), Ind.App., 599 N.E.2d 208, 212, *trans. denied.* Similarly, Godar did not act furtively to suggest that he placed the marijuana underneath the front passenger seat. His conviction is reversed. Because the reversal is based upon insufficiency of evidence, double jeopardy precludes retrial on this charge. *See Miller v. State* (1991), Ind., 575 N.E.2d 272, 276.

Judgment reversed and remanded for a new trial on the operating charge.

RILEY, J., concurs.

CHEZEM, J., concurs in result.

---

4. We observe that additional circumstances in *Young* support its result. A baggie of cocaine was found in Young's pants. *Young*, 564 N.E.2d at 969.