James HOLMES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0204–CR–337.

Court of Appeals of Indiana.

March 28, 2003.

Terrance W. Richmond, Milan, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

James Holmes appeals his conviction following a bench trial for Possession of Marijuana, as a Class D felony. He presents one issue for our review, namely, whether there was sufficient evidence to support his conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On October 3, 2001, Indianapolis Police Officer David Bolling initiated a routine traffic stop of a vehicle with an improperly displayed license plate. George Brown was driving the vehicle and Holmes was a passenger. Brown initially pulled the car over on the side of the road, but then accelerated, initiating a high-speed chase. Officer Bolling called for backup and pursued the vehicle through many intersections. The chase finally ended when the vehicle's passenger-side wheels impacted a curb, causing both tires to blow out and the car to spin sideways. After the vehicle stopped, Holmes "jumped" out of the passenger door and "bolted" out of the car, running east. Officer Bolling pulled out his gun and ordered Holmes to stop, and Holmes complied. Bolling then placed Holmes under arrest.

During a subsequent search of the vehicle, officers discovered a vinyl bag, similar to a baby's diaper bag, on the floor behind the driver's seat. The bag contained a total of 77.64 grams of marijuana. Officers also determined that the vehicle Brown had been driving was stolen.

The State charged Holmes with possession of marijuana, dealing in marijuana, joyriding, and resisting law enforcement. The trial court granted Holmes's motion for judgment on the evidence on the joyriding charge. The court then found him not guilty of dealing in marijuana and resisting law enforcement, but guilty of possession of marijuana. The court sentenced Holmes to two years, with all but 180 days suspended to probation. Holmes now appeals.

### DISCUSSION AND DECISION

Holmes contends that the State presented insufficient evidence to sustain his conviction for possession of marijuana because the vehicle did not belong to him, he was merely a passenger, and he was unaware of the presence of the marijuana in the back seat. Accordingly, he maintains that the State failed to prove that he constructively possessed marijuana.

In reviewing a claim of insufficient evidence, we do not reweigh the evidence or assess the credibility of witnesses. *Whitney v. State*, 726 N.E.2d 823, 825 (Ind.App.2000). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the judgment and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Holmes of possession of marijuana, as a class D felony, the State was required to prove that he (1) knowingly, (2) possessed, (3) over thirty grams of marijuana. *See* Ind.Code § 35–48–4–11. This court has long recognized that a conviction for possession of contraband may be founded upon actual or constructive possession. *Goodner v. State*, 685 N.E.2d 1058, 1061 (Ind.1997). Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. *Person v. State*, 661 N.E.2d 587, 590 (Ind.Ct.App.1996), *trans. denied.*

In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Id.* However, when possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id.* Among the recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant. *Id.*

■ Here, Holmes was merely a passenger in the vehicle in which the officer found marijuana. Accordingly, to prove intent and capability to maintain dominion and control over the contraband, additional circumstances must be present to support an inference that Holmes constructively possessed the marijuana. *See id.* To show capability to maintain dominion and control over contraband, the State must prove that the defendant is able to reduce the contraband to the defendant's personal possession. *Lampkins v. State,* 682 N.E.2d 1268, 1275 (Ind.1997), *modified in part on reh'g,* 685 N.E.2d 698, 699 (Ind. 1997). In *Lampkins,* 682 N.E.2d at 1275, our supreme court held that the capability element of constructive possession was met where a Tylenol bottle that contained cocaine was found underneath the passenger's seat and within the reach of the defendant, a passenger in the vehicle.

In this case, Officer Bolling testified that he discovered 77.64 grams of marijuana in a vinyl bag on the floor behind the driver's seat and that the marijuana was within Holmes's reach. Specifically, the officer stated that "it's not a large vehicle so [the marijuana] was within arm's reach. The driver could reach around and get it, the passenger could reach through the console to the back and grab it." Given the close proximity of the contraband to Holmes, the State presented sufficient evidence to show that he was able to reduce the marijuana to his personal possession. *See id.*

Next, we must determine whether the State sufficiently proved that Holmes had the intent to maintain dominion and control over the marijuana. In *Godar v. State,* 643 N.E.2d 12, 15 (Ind.Ct.App.1994), *trans. denied,* this court addressed whether contraband that is not in plain view may support an inference of intent to maintain dominion and control. Specifically, in that case police officers discovered a bag containing marijuana underneath the front passenger's seat of a vehicle. *Id.* at 13. The defendant in that case was one of two persons in the vehicle at the time police initiated the stop and was in close proximity to the contraband. *Id.* at 15. However, because the marijuana was not in plain view, we held that the State presented insufficient evidence from which to infer his knowledge of the marijuana's presence. *Id.*

■ This case is similar to *Godar.* Here, the officers discovered a vinyl bag on the floor behind the driver's seat. The bag contained marijuana and was in close proximity to Holmes. And here, just as in *Godar,* the marijuana was not in plain view. Contraband found in close proximity to the defendant, but not in plain view, is insufficient, by itself, to infer the defendant's knowledge of the contraband's presence. *Id.* While Holmes's proximity to the vinyl bag which contained marijuana supports an inference that he had the *capability* to maintain dominion and control over the contraband, his proximity to mari-

juana that was not in plain view, standing alone, does not support an inference that he *intended* to maintain dominion and control over it. *See Lampkins*, 685 N.E.2d at 700 (stating in opinion on rehearing that drugs found inside Tylenol bottle were not "in plain view" and, thus, even though found in close proximity to defendant, did not support inference of intent to constructively possess contraband).

Still, the State contends that Holmes's close proximity to the bag which contained marijuana supports an inference of intent and directs us to *Person v. State*, 661 N.E.2d at 590. The State's reliance on *Person* is misplaced. In that case, the defendant was sitting in the back seat of a vehicle, and officers observed him make furtive movements with his hands. *Id.* After the officers ordered the defendant to exit the vehicle, they discovered "the handle of a .25 caliber semi-automatic handgun sticking out of the rear seat." *Id.* In *Person*, not only did the defendant make furtive movements, but he was in close proximity to a gun that was in plain view. *Id.* Here, the marijuana was not in plain view.

Nevertheless, proximity to contraband that is in plain view is only one of several additional circumstances that may support an inference of intent to maintain dominion and control over contraband. As we have already stated, "Flight is also an 'additional circumstance' that will support an inference of intent in this context." *Lampkins*, 682 N.E.2d at 1276. Here, Officer Bolling testified that when the vehicle finally stopped, Holmes "jumped" out of the car and "bolted" in an eastward direction. That evidence of Holmes's attempted flight

supports an inference that he had intent to maintain dominion and control over the marijuana.

Holmes asserts that his conviction warrants reversal because, like in *Godar*, there was no evidence that he knew of the marijuana's presence. While we agree with Holmes that this case is factually similar to *Godar*, he ignores one important distinction, namely, the evidence of his attempted flight. We specifically noted in *Godar*, 643 N.E.2d at 15, that there was no evidence in that case that the defendant acted furtively to suggest that he had placed the marijuana underneath the seat. Here, the State presented evidence that Holmes fled from the vehicle after it had stopped. Thus, unlike in *Godar*, there is additional evidence of flight in this case, which supports the reasonable inference that Holmes was aware of the marijuana's presence. And Holmes's assertion that he exited the vehicle because he was afraid that it might explode amounts to a request that we reweigh the evidence, which we cannot do.[1] We conclude that the State presented sufficient evidence to sustain Holmes's conviction for possession of marijuana.

Affirmed.

MATTINGLY–MAY, J., and VAIDIK, J., concur.

---

1. Holmes further contends that his conviction cannot stand because Brown, the driver of the vehicle, "readily admitted to the officers that the marijuana was his." In support, Holmes directs us to page 33 of the transcript, but our review of that page, and the record as a whole, reveals no such testimony. Thus, Holmes's assertion that the driver admitted that the drugs were his is not well taken.