**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 29 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion Co. Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEJUAN PARKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CR-557 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1006-FD-46934

**March 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Dejuan Parker appeals his conviction for Possession of Marijuana,[1] a class D felony. Specifically, Parker argues that the evidence is insufficient to prove that he possessed a baggie of marijuana. Finding that the trial court, as the fact finder, could reasonably conclude that Parker was in possession of the marijuana, we affirm.

FACTS

On June 13, 2010, Indianapolis Metropolitan Police Department (IMPD) Officer Jerome Harrison was in an unmarked car engaged in the surveillance of a gas station at 30th Street and Keystone Avenue. Officer Harrison noticed as three men—Parker, Shawn Campbell, and Julius Doulas—jaywalked across Keystone toward the gasoline station.

At some point, a blue Cadillac pulled into the gas station parking lot. Campbell got into the back seat but exited it in less than one minute. Suspecting narcotics activity, Officer Harrison followed the Cadillac as it drove west on 30th Street. Other undercover officers detained Parker, Campbell, and Doulas at the scene for jaywalking.

Officer Derek Jackson detained the three men and informed them of their Miranda rights. Officer Jackson and another officer separated the three men, patted them down for weapons, and questioned them. The three men were placed at different locations around one of the police cars. Parker was "at the tire," while Campbell and Doulas were "at the bumper" and "on the other side of the bumper." Tr. p. 35.

---

[1] Ind. Code § 35-48-4-11.

Although Parker was in handcuffs, Officer Jackson noticed a small bag of marijuana on the ground "at the feet of [Mr.] Parker . . . right next to [him]." Tr. p. 19. No marijuana had been noticed prior to that time. The substance subsequently tested positive for 2.70 grams of marijuana.

Parker was arrested and charged with possession of marijuana as a class D felony because he had a prior conviction for that offense. Following a bench trial on March 24, 2011, Parker was found guilty as charged. Thereafter, he was sentenced to 365 days in jail, with credit for time served and the remainder suspended to probation. Parker now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Our standard of review regarding sufficiency of the evidence claims is well settled. We do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

The trier of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence and a guilty verdict may be based solely on circumstantial evidence. Turpin v. State, 435 N.E.2d 1, 5 (Ind. 1982). As an appellate

3

court, we are not required to find that every reasonable hypothesis of innocence has been overcome but need only conclude that an inference reasonably tending to support the finding of the defendant's guilt can be drawn from the evidence presented. Armstrong v. State, 429 N.E.2d 647, 654 (Ind. 1982).

## II. Parker's Contentions

In addressing Parker's argument that the State failed to present sufficient evidence to support his conviction, Indiana Code section 35-48-4-11(1)(ii) requires the State to prove that Parker knowingly or intentionally possessed marijuana. We have long recognized that a conviction for possession of contraband may be founded upon actual or constructive possession. Holmes v. State, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003). Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. Id. More specifically, it has been held that

> In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. However, when possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. Among the recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant.

Id. at 661 (emphasis added)(internal citations omitted).

4

In Gray v. State, 957 N.E.2d 171, 175 (Ind. 2011), our Supreme Court reaffirmed the principle that proximity of contraband to a defendant, combined with the contraband being in plain view, is sufficient evidence to support a conviction based on constructive possession. Moreover, a defendant's proximity to contraband in plain view will support an inference of intent to maintain dominion or control. Id.

In this case, the evidence established that the clear baggie containing the marijuana first appeared on the ground, immediately next to Parker's feet. In light of these facts, the trial court could reasonably infer Parker's ability and intent to maintain dominion and control over the marijuana. Contrary to Parker's contention that either Doulas or Campbell could have tossed the marijuana at his feet, Parker's testimony about the locations of the men when separated around the police car makes such a scenario implausible.

As mentioned above, Parker was "at the tire" while Campbell and Doulas were "at the bumper" and "on the other side of the bumper." Tr. p. 35. And because the men were separated on different sides of the police car, there was no straight-line path between them except what was blocked by the car. Although Parker also claimed that he was only two or three feet from either Doulas or Campbell, that apparent conflict in the evidence demonstrates that it was the trial court's prerogative as to which evidence and inferences to credit.

Additionally, we find the circumstances in Gray instructive here. In Gray, police officers observed marijuana in plain view approximately eight to ten feet away from

5

where they were speaking with the defendant. Id. at 172-73. The marijuana was underneath a living room coffee table, and two juveniles were sitting on the couch next to the table. Id. Although the defendant's son testified that he tossed the marijuana underneath the table, the officers testified that the son was not present during the encounter. Id. at 176. Our Supreme Court held that the officers' testimony that the marijuana was in plain view in proximity to the defendant was substantial evidence of probative value from which the defendant's guilt could be inferred. Id. at 175-76.

As a result of the holding in Gray and contrary to Parker's argument, no direct evidence was required as to "how [the marijuana] appeared." Appellant's Br. p. 8. Gray also demonstrates that, for a defendant's possession conviction to be affirmed, the evidence does not need to positively exclude every other person at the scene of the crime. Thus, as in Gray, while we recognize that there may have been other inferences as to how the baggie of marijuana landed next to Parker, the trial court could draw the reasonable inference of Parker's guilt based on the evidence that was presented at trial. Thus, we decline to set aside Parker's conviction.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.

6