**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 14 2013, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DOUGLAS K. MAWHORR**
Public Defender Agency
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REGGIE T. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A04-1211-CR-569 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-1202-FA-6

**June 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Following a jury trial, Reggie T. Johnson was convicted of possession of a controlled substance, a Class C felony, and possession of marijuana, a Class A misdemeanor. He now appeals, raising the following restated issue for our review: whether the evidence was sufficient to sustain his possession of a controlled substance conviction. Concluding the evidence was sufficient, we affirm.

Facts and Procedural History

On February 1, 2012, Muncie police arrived at the apartment shared by Johnson and Megan Lucas to investigate a complaint of the strong odor of burnt marijuana. After entering the apartment, police found a man identified as Deion Barber in the living room and Johnson coming out of the kitchen. Johnson identified himself as "Deontae Barber." Transcript at 35. However, one of the police offers knew him as Reggie Johnson and ran a warrants check. It was revealed that Johnson had two active warrants and he was thus placed under arrest. As he was led out of the apartment, Johnson made a comment to Lucas "not to say anything to the police and to shut up and keep her mouth shut." Id. at 40. Lucas signed a written consent for a search of the apartment, and upon conducting the search, police found marijuana, cocaine, several scales, drug paraphernalia, and a gun. The officers also found a controlled substance—six and one-half pills of hydrocodone—in a kitchen drawer; neither Johnson nor Lucas had a prescription for the pills.

The State charged Johnson with possession of cocaine, dealing in cocaine, carrying a handgun without a license,[1] possession of a controlled substance,[2] and

---

[1] The carrying a handgun charge was dismissed prior to trial.

possession of marijuana. During the jury trial, Lucas testified that Barber was Johnson's father and sometimes stayed with them in the apartment they shared. The jury found Johnson guilty of possession of a controlled substance and possession of marijuana but not guilty of possession of cocaine and dealing in cocaine. The trial court entered judgments of conviction and sentenced Johnson accordingly. Johnson now appeals. Additional facts will be provided as necessary.

Discussion and Decision

I. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of the crime proven beyond a reasonable doubt. Id. A conviction may be based upon circumstantial evidence alone. Id.

II. Evidence of Constructive Possession

Johnson alleges that the evidence is not sufficient to support his conviction for possession of a controlled substance. To convict Johnson of possession of a controlled

---

[2] The possession of a controlled substance charge was brought as a Class C felony because the controlled substance was found within one thousand feet of a youth program center. See Ind. Code § 35-48-4-7(a).

substance, the State had to prove that he knowingly or intentionally possessed the hydrocodone pills.  See Ind. Code. § 35-48-4-7.

A conviction for possession of contraband may rest upon proof of either actual or constructive possession.  Conrad v. State, 747 N.E.2d 575, 582 (Ind. Ct. App. 2001), trans. denied.  The State does not claim that Johnson had actual possession of the hydrocodone, but instead argues that he had constructive possession.  In order to prove constructive possession, the State must satisfy a two-prong test showing that Johnson had both 1) the intent and 2) the capability to maintain dominion and control over the contraband.  Lampkins v. State, 685 N.E.2d 698, 699 (Ind. 1997).  Johnson concedes that he had the capability to maintain dominion and control over the hydrocodone pills because he shared the apartment with Lucas and had access to the kitchen drawer where they were stored.  He argues, however, that the evidence was insufficient to establish that he had the intent to maintain dominion and control.

To prove the intent element, the State must demonstrate Johnson's knowledge of the presence of the hydrocodone.  See Conrad, 747 N.E.2d at 582.  In cases where the defendant had exclusive possession of the premises on which the contraband was found, an inference is permitted that he knew of its presence.  Holmes v. State, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003).  However, when possession of the premises was non-exclusive, as was the case here, the inference is not permitted absent some additional circumstances. Id.  Those additional circumstances can include:  "(1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant."  Id.

4

The evidence most favorable to the conviction supports several of these additional circumstances. For instance, Johnson acted suspiciously, initially giving police a false name and later—after being placed under arrest—ordering Lucas not to say anything to police. Several items commonly found in a drug manufacturing setting were also found in the apartment. But, more specific to the hydrocodone pills themselves is evidence of two factors: proximity of Johnson to the contraband and the contraband found in close proximity to items owned by Johnson. Police observed Johnson coming out of the kitchen where the hydrocodone pills were later found. Also, the hydrocodone pills were found in a kitchen drawer that also contained a pipe and grinder used by Johnson to smoke marijuana. As a result, we find that there was sufficient evidence of additional circumstances from which the jury could infer that Johnson had the intent to maintain dominion and control over the hydrocodone pills found in the kitchen drawer. See Ladd v. State, 710 N.E.2d 188, 191 (Ind. Ct. App. 1999) (finding the evidence sufficient to establish constructive possession when there was evidence that fulfilled two of the categories of additional circumstances—contraband in plain view and contraband in close proximity to items owned by the defendant).

Johnson points to Lucas's testimony that the kitchen drawer contraband was hers alone and that neither Johnson nor Barber owned the hydrocodone pills to argue that she was one who constructively possessed the contraband. However, possession need not be exclusive and contraband can be possessed jointly. Conrad, 747 N.E.2d at 583. Moreover, this argument is merely an invitation for us to reweigh the evidence and assess the credibility of the witnesses, which we cannot do on appeal. See id. The evidence was sufficient to support Johnson's conviction for possession of a controlled substance.

5

<u>Conclusion</u>

The evidence was sufficient to establish that Johnson constructively possessed the contraband. We therefore affirm his convictions.

Affirmed.

FREIDLANDER, J., and CRONE, J., concur.