**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 14 2014, 9:54 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHARI MELTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A03-1403-CR-105 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1305-FD-75

**November 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Shari Melton challenges the sufficiency of evidence supporting her conviction of Class D felony possession of methamphetamine[1] and Class A misdemeanor possession of marijuana.[2] We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Following an anonymous tip, Knox city police conducted surveillance of a house located on East Delaware Drive in Knox. Officers twice searched the trash from that location after it had been left at the curb for collection and found mail addressed to Melton, aluminum foil with burnt strips indicative of methamphetamine usage, tubing, and baggie pieces. Based thereon, Officer David Combs applied for and received a search warrant for the house. Officer Combs, with backup, executed the warrant on April 25, 2013, and found four people lived there—Joanne Bradley, Daniel Timm, Alfred Higdon, and Melton.

Melton and Higdon shared a bedroom where police found methamphetamine residue on burnt aluminum foil on the floor and synthetic cannabinoid in a pipe on the bed. In a back room, which was used only by Melton and Higdon, officers found a corner tied baggie containing methamphetamine in a coffee cup, a leaf grinder that contained marijuana, lithium batteries, and Higdon's wallet and cellphone. No drugs or paraphernalia were found in other parts of the house. In and around a backyard shed, officers found drain cleaner, toilet cleaner, and an empty box that had contained lithium batteries, all of which are used in the production of methamphetamine. Officers arrested Melton and Higdon.

---

[1] Ind. Code § 35-48-4-6.1 (2012).
[2] Ind. Code § 35-48-4-11 (2012).

The following day, Melton asked to speak to Officer Combs. Before Officer Combs could give Melton a *Miranda* warning to begin asking questions, Melton asked what evidence had been discovered in the house, she admitted using methamphetamine in the days before her arrest, and she asserted the items in the shed were not hers. She would not say more because Higdon was in the next room. Officer Combs suggested they postpone their talk until a later time.

At trial, Timm testified he did not enter the rooms in which the drugs and paraphernalia were found unless he had something to convey to Higdon or Melton. He also stated that Melton had begun using the back room for writing and receiving visitors. A jury found Melton guilty of possession of methamphetamine and possession of marijuana.

## DISCUSSION AND DECISION

Our standard of review is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

3

Melton asserts the State did not prove she possessed the drugs in question.

> This court has long recognized that a conviction for possession of contraband may be founded upon actual or constructive possession. Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. However, when possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. Among the recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant.

*Holmes v. State*, 785 N.E.2d 658, 660-61 (Ind. Ct. App. 2003) (citations omitted).

Melton was not in actual possession of the contraband when it was found, and as she shared the bedroom and back room with Higdon, she did not have exclusive possession of the premises. Thus, to prove constructive possession the State had to produce evidence of additional circumstances that indicated Melton knew of the contraband and had the ability to control it. *See id.* at 661.

Officer Combs testified that Melton was in the bedroom when the search warrant was executed, and tinfoil with burnt methamphetamine residue was also found in that bedroom. While in jail, Melton admitted to Officer Combs she had been using methamphetamine in the days prior to her arrest. Methamphetamine was found in plain view in the back room, which Timms testified Melton used for writing and for receiving visitors. Because Melton's use of

both methamphetamine and the back room permit a trier of fact to reasonably infer that Melton knew about the methamphetamine that was in plain view in that room, we affirm her conviction of possession of methamphetamine. *See*, *e.g.*, *Fowler v. State*, 900 N.E.2d 770, 775-76 (Ind. Ct. App. 2009) (evidence of admission and other circumstantial evidence was sufficient to convict Fowler of possession of methamphetamine).

As to the marijuana, the State did not prove Melton had the knowledge required for us to infer constructive possession. Her possession of the back room was not exclusive. She was not in the back room when police executed the search warrant. The marijuana was in a grinder inside a box. There was no evidence that other items belonging to Melton were in the box with the grinder or that the box was intermingled with other of Melton's belongings. As the marijuana was not in plain view and the State did not present evidence of additional circumstances that would permit us to infer her knowledge of the marijuana, we must reverse her conviction of possession thereof. *Cf. Floyd v. State*, 791 N.E.2d 206, 211 (Ind. Ct. App. 2003) (evidence was sufficient to convict Floyd when his personal property was found commingled with the contraband).

Because the State produced sufficient evidence to permit an inference that Melton knew of the methamphetamine, we affirm her conviction of possession thereof. However, as there was no evidence to demonstrate Melton knew of the marijuana in the grinder in a box, we reverse her conviction on that count. Accordingly we affirm in part and reverse in part.

Affirmed in part, and reversed in part.

VAIDIK, C.J., and FRIEDLANDER, J., concur.