## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2015, 9:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Henry Gooch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 31, 2015

Court of Appeals Case No.
49A02-1408-CR-571

Appeal from the Marion Superior
Court.
The Honorable David Hooper,
Magistrate.
Cause No. 49F08-1308-CM-52760

**Sharpnack, Senior Judge**

# Statement of the Case

Henry Gooch appeals his conviction of possession of marijuana, a Class A misdemeanor.[1] We affirm.

# Issue

Whether there is sufficient evidence to support Gooch's conviction.

# Facts and Procedural History

On the night of August 11, 2013, Officer Daniel Brezik of the Indianapolis Metropolitan Police Department was on patrol. He saw a group of ten to fifteen people congregating in the street, blocking a lane of traffic. Next, the group crossed the street. Officer Brezik and another officer, Bill Wogan, stopped their cars and got out.

Officer Wogan asked the people to talk with him. Several persons walked over to Officer Wogan, but Gooch did not immediately comply with his request. Instead, Gooch walked away from the officers, behind a parked car. Gooch had his hands at his sides, and the officers could not see what he was doing. After "a few seconds," Gooch walked over to the officers. Tr. p. 6. Officer Brezik did not see anyone else behind the parked car.

---

[1] Ind. Code § 35-48-4-11 (2013).

[5] Officer Brezik thought Gooch's actions were suspicious, so he walked over to the other side of the car. He saw two clear plastic baggies on the ground. They contained a green leafy substance that he recognized as marijuana. The baggies looked clean, like they "hadn't been laying on the side of the street for any period of time." *Id.* at 15.

[6] Officer Brezik walked back to Gooch and put handcuffs on him without saying anything about the marijuana. Gooch said, "I didn't have any weed." *Id.* at 8. "Weed" is "a slang term for marijuana." *Id.*

[7] Next, Officer Brezik recovered the marijuana from behind the car and secured it. Subsequent testing revealed the baggies, weighed together, contained almost twenty-five grams of marijuana.

[8] The State charged Gooch with possession of marijuana. The case was tried to the bench. After the presentation of evidence, the court determined that Gooch was guilty and sentenced him accordingly. This appeal followed.

## Discussion and Decision

[9] Gooch contends that there is insufficient evidence that he had possessed the marijuana that Officer Brezik found. In considering challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Caruthers v. State*, 926 N.E.2d 1016, 1022 (Ind. 2010). Instead, we consider only the evidence supporting the judgment and any reasonable inferences drawn from the evidence. *Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). We affirm a conviction unless no reasonable trier of fact could find

every element proved beyond a reasonable doubt. *Blount v. State*, 22 N.E.3d 559, 565 (Ind. 2014).

[10] In order to convict Gooch of possession of marijuana as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Gooch (1) knowingly or intentionally (2) possessed (3) marijuana, pure or adulterated. Ind. Code § 35-48-4-11.

[11] Gooch was never seen holding the marijuana, but conviction for a possessory offense does not necessarily depend on catching a defendant in actual possession. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). A conviction for possessing contraband may rest instead on proof of constructive possession. *Id.* A person constructively possesses contraband when the person has (1) the capability and (2) the intent to maintain dominion and control over the item. *Id.*

[12] When a defendant does not exert exclusive control over the area where the contraband is found, the State must support an inference of constructive possession by proving additional circumstances pointing to the defendant's knowledge of the presence and the nature of the contraband. *Id.* at 174-75. Our Supreme Court has identified examples of such circumstances, including:

> (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view, if the contraband's

incriminating nature is immediately apparent; and (6) the mingling of contraband with other items the defendant owns.

*Id.* at 175.

[13] Here, when Officer Wogan asked a group of people to move toward him, Gooch went in the other direction and moved behind a car while keeping his hands at his sides and out of view. Gooch remained behind the car for only a few seconds before approaching Officer Wogan. Officer Brezik did not see anyone else behind the car. When Officer Brezik investigated the area behind the car, he found two baggies of marijuana in plain view. The baggies were clean, which indicated that they had not been there for long. Finally, when Officer Brezik handcuffed Gooch, Gooch made an incriminating statement: "I didn't have any weed." Tr. at 8. This is sufficient evidence to establish Gooch's knowledge of the marijuana, as well as his intent to maintain control and dominion over it prior to abandoning it. *See Holmes v. State*, 785 N.E.2d 658, 662 (Ind. Ct. App. 2003) (evidence supported constructive possession of drugs where drugs were found near where defendant had been sitting and defendant initially fled from police).

[14] Gooch points to testimony that other people were present in the area where the marijuana was found. This is a request to reweigh the evidence, which our standard of review forbids.

## Conclusion

[15] For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Baker, J., concur.