## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 16 2016, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tommie Payne, IV,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 16, 2016

Court of Appeals Case No.
71A03-1604-CR-780

Appeal from the St. Joseph
Superior Court

The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D08-1508-CM-3114

**May, Judge.**

[1] Tommie Payne, IV, appeals his conviction of Class B misdemeanor possession of marijuana.[1] Payne alleges there was insufficient evidence to prove his possession beyond a reasonable doubt. We affirm.

## Facts and Procedural History

[2] At around 3:20 a.m. on August 23, 2015, Officer Allen Wiegand observed several parked vehicles with occupants yelling at each other. He followed the cars as they began driving westbound. One of the cars made several traffic violations, and Officer Wiegand initiated a stop.

[3] As the car slowed down, Officer Wiegand noticed the occupant in the front passenger seat, Irwin Scott, and the occupant in the back passenger seat, Payne, moving around in the car. Specifically, Officer Wiegand saw Payne "ducking down" toward the left. (Tr. at 7.) When approaching the stopped car, Officer Wiegand "smell[ed] the odor of marijuana coming from the vehicle." (*Id.* at 8.) Payne and Scott continued to move around and reach into their pockets while Officer Wiegand asked them for their information. Officer Wiegand had to order them several times to stop moving.

[4] Officer Wiegand removed Payne, Scott, and the driver, Beoncia Hopson, from the car to search it. In the grass near Scott, another officer found a bag that appeared to be filled with heroin. When Officer Wiegand began to handcuff

---

[1] Ind. Code 35-48-4-11(a)(1) (2014).

Hopson, Scott ran away. The other officers on the scene chased Scott while Officer Wiegand handcuffed Payne and Hopson.

[5] Officer Wiegland resumed the search of the car and found multiple bags of marijuana and a scale in the center console. He found more bags of marijuana and another scale in between Payne's seat and the back passenger door. There was also a bag of marijuana "completely in plain view" on the floor "just behind the driver's seat." (*Id*. at 11.) A field test confirmed the bag from the ground contained heroin, and a test conducted at the station confirmed the other bags contained marijuana.

[6] The State charged Payne with Class B misdemeanor possession of marijuana. On March 10, 2016, after a bench trial, the trial court found Payne guilty as charged. The judge imposed a 60-day suspended sentence and 180 days of probation.

# Discussion and Decision

[7] When considering a sufficiency of the evidence argument, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Reviewing courts "consider only whether a reasonable factfinder could be satisfied of the matter at issue beyond a reasonable doubt, without reweighing the evidence." *Knapp v. State*, 9 N.E.3d 1274, 1286 (Ind. 2014), *cert. denied*. Presented evidence does not need to "overcome every reasonable hypothesis of innocence." *Drane*

*v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995), *reh'g denied*).

[8]     The State charged Payne with knowingly possessing marijuana. *See* Ind. Code § 35-48-4-11(a)(1) (2014) (stating definition of crime); *and see* (App. Vol. II at 45) (charging information alleges knowing possession). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). To obtain a conviction for possession of marijuana, possession can be either actual or constructive. *Mack v. State*, 23 N.E.3d 742, 759 (Ind. Ct. App. 2014), *trans. denied*. "Actual possession occurs when a person has direct physical control over the items." *Brent v. State*, 957 N.E.2d 648, 650 (Ind. Ct. App. 2011) (quoting *Bradshaw v. State*, 818 N.E.2d 59, 62 (Ind. Ct. App. 2004)), *trans. denied*. Constructive possession occurs when "the defendant has the intent and capability to maintain dominion and control over the contraband." *Holmes v. State*, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003).

[9]     The evidence necessary to prove constructive possession depends on whether a defendant had exclusive possession of the location where the contraband was found. "In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it." *Id.* at 661. When possession of the premises is not exclusive, factors permitting an inference that a defendant could control or knew of the drugs include: "(1) incriminating statements by the defendant; (2) attempted flight or furtive

gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant." *Id.*

[10]     Payne argues there was insufficient evidence to support a conviction of Class B misdemeanor possession of marijuana because the trial court stated, "And what kind of tips the balance I think is the smell of burnt marijuana." (Tr. at 46.) In support thereof, he notes we have previously acknowledged that the smell of marijuana lingers, *Edmond v. State*, 951 N.E.2d 585, 591 (Ind. Ct. App. 2011), and we have held that the smell of burnt marijuana alone is not sufficient to prove constructive possession. *Brent,* 957 N.E.2d at 652.

[11]     However, the facts herein are not analogous to those in *Brent*, where the car smelled of burnt marijuana, but no marijuana was found in the car. Rather, here, in addition to the smell of burnt marijuana, Officer Wiegand found bags of marijuana next to the back passenger seat where Payne sat and in plain view on the floor behind the driver's seat. As Officer Wiegand initiated the traffic stop, Payne ducked and moved towards the left, and then he continued to move furtively throughout the stop. This is not a case where the odor of marijuana is "irrelevant" to the determination of constructive possession. *Cf. id.* (concluding the odor of marijuana was "irrelevant to Brent's possession" when no drugs were found in the car). Instead, the odor of marijuana is merely an additional factor suggesting Payne knew about the drugs that were present in the car and could control them.

[12] Police found marijuana in plain view in the back seat of the car where Payne was sitting and next to his seat, which implicates two of the factors from which we may infer Payne had "the intent and capability to maintain dominion and control over the contraband." *Holmes*, 785 N.E.2d at 660. In addition, Payne was making furtive movements in the direction of the marijuana found in plain view. Because at least three of the constructive possession factors mentioned in *Holmes* are met, a reasonable fact-finder could have concluded that Payne constructively possessed the marijuana. *See id.* at 662 (holding two factors -- defendant's close proximity to drugs and attempt to flee -- were sufficient to uphold a conviction for marijuana possession).

# Conclusion

[13] The State presented sufficient evidence Payne constructively possessed marijuana. We accordingly affirm.

[14] Affirmed.

Kirsch, J., and Crone, J., concur.