# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2017, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephanie James, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 18, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1704-CR-794 <br><br> Appeal from the <br> Marion Superior Court <br><br> The Honorable <br> Jose D Salinas, Judge <br> The Honorable Robert P. Hurley, <br> Judge Pro Tempore <br><br> Trial Court Cause No. <br> 49G14-1603-F6-11776 |

**Kirsch, Judge.**

[1] Stephanie James was convicted of Possession of Cocaine as a Level 6 felony.[1] The trial court entered judgment of conviction as a Class A misdemeanor. She now appeals contending that the evidence was not sufficient to support her conviction.

[2] We affirm.

## Facts and Procedural History

[3] On March 26, 2016, Officer Kenny Sanders of the Marion County Sherriff's Department was working as off-duty security for the Brownstone Apartments at 34th and Meridian Streets. Just after midnight, he was sitting in an unmarked Dodge Charger when he saw James standing outside of a car parked in front of the apartment complex in a no parking zone. The area was well lit and he could easily see James. Officer Sanders got on his PA and told her to move the car from that location. At that point, James began to walk towards his vehicle which was parked directly across the street from her. When she began to cross the street, a car had to swerve to keep from hitting her. She continued to walk in a staggering manner toward the officer. Once she crossed the street, Officer Sanders asked her if everything was okay, and she told him she was there to retrieve a cell phone that had been stolen from her. Officer Sanders detected an odor of alcohol emanating from her person. When he asked James who stole

---

[1] *See* Ind. Code § 35-49-4-6(a).

her telephone, she began to laugh and speak in a high tone of voice. The officer also noted that she had bloodshot eyes and unsteady balance and arrested her for public intoxication. He searched the outer pockets of James' clothing and placed her in the back of his car as he waited for a transport wagon to arrive.

[4] After the wagon arrived, Officer Sanders removed James from his car and walked her to the back of the wagon where the wagon driver performed a search which included removal of James' shoes. When the wagon driver handed the shoes to Officer Sanders, he discovered a small plastic bag which contained cocaine inside her right shoe. Officer Sanders put the narcotics in a heat-sealed envelope which was delivered to the property room.

[5] At trial, Officer Sanders identified the State's Exhibit 2 as the crack cocaine that he recovered during the wagon driver's search of James on March 24,2016, and the parties' stipulated to the laboratory test results. The jury found James guilty as charged, and the trial court entered judgment of conviction as a Class A misdemeanor.

## Discussion and Decision

[6] When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Circumstantial evidence alone is sufficient if inferences may reasonably be

drawn that enable the factfinder to find the defendant guilty beyond a reasonable doubt. *Pratt v. State*, 744 N.E.2d 434, 437 (Ind. 2001).

[7] To convict James of Level 6 felony possession of cocaine, the State was required to prove beyond a reasonable doubt that she knowingly or intentionally possessed cocaine, and possession may be either actual or constructive. Ind. Code § 35-48-4-6(a); *Holmes v. State*, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003). Actual possession occurs when a person has direct physical control over an item. *Grim v. State*, 797 N.E.2d 825, 831 (Ind. Ct. App. 2003).

[8] Here, James had direct physical control over the cocaine. The cocaine was on her person. Specifically, it was in her right shoe. Evidence was introduced at trial that it is common for users of illegal drugs to conceal them in their shoes. *Tr. Vol. II* at 63, 77. Moreover, the cocaine here at issue was crack cocaine which is a hard, rock-like substance. *See Polk v. State*, 683 N.E.2d 567 (Ind. 1997). Finally, Officer Sanders testified that after he told her she was being arrested for possession of cocaine, James made a statement to him to arrest her "for that." *Tr. Vol II* at 30-33. From this evidence, it was reasonable for the jury to conclude that James knowingly possessed the cocaine, and the evidence was sufficient to support James' conviction.

[9] Affirmed.

Najam, J., and Brown, J., concur.