## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2020, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ke'jioun Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2020

Court of Appeals Case No.
20A-CR-1261

Appeal from the Cass Superior Court

The Honorable James K. Muehlhausen, Judge

Trial Court Cause No.
09D01-1906-F6-227

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Ke'Jioun Johnson (Johnson) appeals his conviction for possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11(a)(1); -(b).

We affirm.

# ISSUE

Johnson presents this court with one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support Johnson's constructive possession for marijuana.

# FACTS AND PROCEDURAL HISTORY

During 2017 and 2018, Johnson and Akielah Didomenico (Didomenico) were in a romantic relationship and had a son together. They lived in Logansport, Indiana, where they jointly rented a residence, until the relationship ended in May 2019. On Father's Day 2019, Johnson invited Didomenico and their son to join him at a friend's cookout. After the cookout, Johnson and Didomenico returned to the residence, where they were joined by a mutual friend, Kristi Hoff (Hoff).

Johnson, Didomenico, their son, and Hoff assembled in the living room where Johnson's vape was on the living room table, next to a bag of marijuana. After Johnson took out a hand-rolled cigarette, Johnson and Didomenico began to argue because Didomenico did not want him to smoke in front of their young child and told him to smoke in a different room. Johnson told Didomenico to

shut up and left the living room. While following Johnson into the hallway, Didomenico knocked the cigarette out of his hand. Johnson became angry, entered the bedroom at the back of the house and kicked out a window. At that point, Hoff called 911.

[6] Johnson left the bedroom and walked towards the front door. While he was attempting to leave the house, Didomenico shoved him twice in the hallway, at which point Johnson shoved Didomenico away from him, causing her to fall towards a table in the living room and then into a toy basket. Didomenico got up, shoved Johnson again, and broke a fingernail during this altercation.

[7] Officer Joe Schlosser (Officer Schlosser) of the Logansport Police Department responded to the 911 call. When he arrived at the residence, he noticed a bag of leafy green substance, which he identified as marijuana, sitting next to Johnson's vape on the living room table. He also located a hand-rolled marijuana cigarette in the hallway. Officer Schlosser spoke with Johnson, who had been stopped in his car a short distance away by another officer. While speaking with Johnson, Officer Schlosser noticed a change in his behavior when he questioned Johnson about the marijuana found at the residence. While Johnson was at first relaxed and calm, he became nervous with a change in his voice and tone when the presence of marijuana was brought up. Johnson denied the marijuana was his.

[8] On June 17, 2019, the State filed an Information, charging Johnson with domestic battery, a Level 6 felony, and possession of marijuana, which was

enhanced to a Class A misdemeanor based on a prior conviction for the same offense. On February 20, 2020, the trial court conducted a bench trial. At the close of the evidence, the trial court found Johnson guilty of possession of marijuana as a Class A misdemeanor, but acquitted him of domestic battery. On June 22, 2020, during a sentencing hearing, the trial court sentenced Johnson to 365 days with 305 days suspended to probation.

[9] Johnson now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[10] Johnson contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for Class A misdemeanor possession of marijuana. Our standard of review of sufficiency of the evidence claims is well-settled: When we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[11] To sustain Johnson's conviction, the State was required to establish Johnson knowingly or intentionally possessed marijuana. I.C. § 35-48-4-11(a)(1). To elevate the charge to a Class A misdemeanor, the State was also required to prove that Johnson had a prior conviction for a drug offense. I.C. § 35-48-4-

11(b). Here, Johnson only challenges the possession prong of the offense and not the enhancement of the charge.

[12] We have long recognized that a conviction for possession of contraband may be founded upon actual or constructive possession. *Holmes v. State*, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003). Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband. *Id*. In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Id*. However, where, as here, the possession of the premises is not-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id*. Among the recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband is in plain view; and (6) location of the contraband is in close proximity to items owned by the defendant. *Id*. To show capability to maintain dominion and control over contraband, the State must prove that the defendant is able to reduce the contraband to the defendant's personal possession. *Id*.

[13] First turning to the capability prong of constructive possession, the evidence reflects that the marijuana was located on the living room table where Johnson had been sitting and near Johnson's vape. Testimony indicates that Johnson

held the hand-rolled marijuana cigarette in his hand and took it with him in the hallway when the argument started. Accordingly, Johnson was capable of maintaining dominion and control over the marijuana.

[14] With respect to the intent prong, we note that although Johnson no longer lived in the residence, his name was still on the lease and therefore he maintained a possessory interest in the premises. However, as his interest was non-exclusive, we turn to additional circumstances to establish constructive possession. The record reflects that there was a mingling of contraband with other items owned by Johnson, as the marijuana was in close proximity to Johnson's vape on the coffee table. *See Gee v. State*, 810 N.E.2d 338, 343 (Ind. 2004) (A mingling of contraband with other items owned by the defendant so that the contraband and personal property are in close proximity is an additional circumstance demonstrating the defendant likely knew of the presence and character of the controlled substance and intended to possess the substance). The marijuana was found on a table in a common area where it was unlikely to go unnoticed by the adults in the residence. Furthermore, while walking into the hallway when the argument started, Johnson was holding a hand-rolled cigarette which Officer Schlosser later recognized as a hand-rolled marijuana cigarette. Finally, Johnson, when speaking with Officer Schlosser about the discovered marijuana, displayed anxiousness and changed the tone of his voice. *See, e.g., Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009) (defendant was found to constructively possess marijuana when, during questioning, defendant appeared

nervous, refused to make eye contact, and attempted to blame his nephew), *trans. denied*.

[15] Based on the totality of the evidence before us, we conclude that the State presented sufficient evidence of reasonable doubt to establish that Johnson had the intent and capability to maintain dominion and control over the marijuana located in the residence and therefore constructively possessed the contraband.

# CONCLUSION

[16] Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt to sustain Johnson's conviction.

[17] Affirmed.

[18] Najam, J. and Crone, J. concur