**Tywan D. GRIFFIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–1007–CR–774.**

Court of Appeals of Indiana.

March 30, 2011.

Suzy St. John, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Tamara Weaver, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Tywan D. Griffin (Griffin), appeals his conviction for possession of marijuana, a Class A misdemeanor, Ind.Code § 35–48–4–11.

We affirm.

### ISSUE

Griffin raises one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence to prove be-

yond a reasonable doubt that he possessed marijuana.

## FACTS AND PROCEDURAL HISTORY

On March 23, 2010, Indianapolis Metropolitan Police Officers Brad Alford (Officer Alford) and Jonathon Lawlis (Officer Lawlis) conducted a search for narcotics activity in Marion County, Indiana. They were driving an undercover car when they noticed a parked car blocking the entrance to the parking lot of an abandoned school and preventing pedestrians from crossing the sidewalk. The Officers stopped and approached the car. As soon as the Officers exited their vehicle, they noticed a "strong odor of burnt marijuana." (Transcript p. 17). Upon reaching the car, they determined that there were two individuals sitting inside. James Douglas (Douglas) was sitting in the driver's seat, and Griffin was in the passenger seat.

Next, the Officers ordered both Douglas and Griffin to exit the car and asked them for identification. The Officers could not run the vehicle's license plate because it had a temporary plate, but Douglas claimed that the car belonged to his ex-girlfriend. Officer Alford opened the door, looked in, and discovered "burnt marijuana" in the form of a blunt in the center console. (Tr. p. 19). The blunt was located behind the car's stick shift, halfway between the driver and passenger seats, and Officer Alford did not have to move anything in the car in order to see it. Both Griffin and Douglas claimed that they did not own the blunt.

On March 26, 2010, the State filed an Information charging Griffin with possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11. A bench trial was held on June 22, 2010. At the close of evidence, the trial court found Griffin guilty of possession of marijuana and sentenced him to 180 days in the Marion County Jail, with 176 days suspended, to be served on probation.

Griffin now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Griffin contends that the State failed to prove beyond a reasonable doubt that he possessed marijuana. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of witnesses. *Perez v. State,* 872 N.E.2d 208, 213 (Ind.Ct.App.2007), *trans. denied.* In addition, we only consider the evidence most favorable to the verdict and the reasonable inferences stemming from that evidence. *Id.* We will only reverse a conviction when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.* at 212–13.

In order to establish that Griffin committed the charge of possession of marijuana as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Griffin "knowingly or intentionally possess[ed] marijuana" in an amount less than thirty grams. I.C. § 35-48-4-11. We have long recognized that a conviction for possession of contraband may be founded upon actual or constructive possession. *Holmes v. State,* 785 N.E.2d 658, 660 (Ind.Ct.App.2003). Actual possession occurs when a defendant has direct physical control over an item, whereas constructive possession occurs when a person has the intent and capability to maintain dominion and control over the item. *Seel v. State,* 739 N.E.2d 170, 172 (Ind.Ct.App.2000).

To fulfill the capability element of constructive possession, the State must demonstrate that the defendant was able to reduce the controlled substance to his personal possession. *Grim v. State,* 797

N.E.2d 825, 832 (Ind.Ct.App.2003). In order to satisfy the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Id.* In cases where the accused has exclusive possession of the premises on which contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Richardson v. State,* 856 N.E.2d 1222, 1228 (Ind.Ct.App.2006). When possession of the premises is not exclusive, though, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id.* The recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband is in plain view; and (6) the location of the contraband is in close proximity to items owned by the defendant. *Id.* at 1228–29.

█ In the instant case, constructive possession is at issue because Griffin did not have direct physical control of the blunt. We do not need to address the issue of whether Griffin was capable of exerting dominion and control over the marijuana because he concedes that the blunt was within his reach and that he was capable of exerting control over it; instead, Griffin argues that the State did not prove that he had knowledge of the presence of the blunt and the intent to control it. Specifically, although the blunt was within his reach, it was not within his plain view. We must examine this issue based on the additional circumstances indicating Griffin's knowledge of the blunt since he did not have exclusive possession of the vehicle in which he and Douglas were sitting.

The case that Griffin requests us to consider is *Gray v. State,* 944 N.E.2d 527 (Ind.Ct.App.2011). In *Gray,* two police officers were dispatched to Gray's residence to investigate a complaint of marijuana dealing. *Id.* at 528–29. Gray signed a written consent form allowing the officers to search her apartment, and the officers subsequently discovered a bag of marijuana in plain view under the coffee table in her living room. *Id.* Two juvenile male visitors were sitting behind the coffee table, but there was no evidence that Gray "was near the marijuana, could see the drugs, or was aware that marijuana was in her home." *Id.* at 530. Accordingly, we determined on appeal that Gray did not have the intent to constructively possess the marijuana.

We agree with Griffin that our decision in *Gray* is relevant here, but we think that the facts of the instant case distinguish it from *Gray.* Unlike Gray, Griffin was close in proximity to the marijuana and even conceded that it was within his reach. Moreover, Griffin should have been aware there was a possibility that marijuana was in the vehicle because Officer Alford testified that there was a strong odor of marijuana when he stepped out of his car. Officer Alford was immediately able to tell that the odor came from the parked vehicle in which Douglas and Griffin were sitting, and he was able to smell marijuana on Griffin's clothing when Griffin got out of the vehicle. In addition, Officer Alford also testified that he did not have to move anything inside of the car in order to see the blunt. These circumstances are markedly different than the circumstances in *Gray* where there was no evidence to show that Gray "was near the marijuana, could the see drugs, or was aware that marijuana was in her home." *Id.* at 530. Instead, these facts are evidence of Griffin's knowledge of the marijuana blunt and his intent to maintain dominion and control over it.

When we interpret this evidence in the light most favorable to the trial court's judgment, it is sufficient to support an inference that Griffin constructively possessed marijuana.

## CONCLUSION

Based on the foregoing, we conclude that the State produced sufficient evidence to prove beyond a reasonable doubt that Griffin committed the charge of possession of marijuana.

Affirmed.

DARDEN, J., and BARNES, J., concur.