**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 14 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LORINDA MEIER YOUNGCOURT**
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MANDY CRAIG,                )
                                 )
     Appellant-Defendant,       )
                                 )
           vs.                )     No. 47A01-1202-CR-66
                                 )
STATE OF INDIANA,        )
                                 )
     Appellee-Plaintiff.         )

APPEAL FROM THE LAWRENCE SUPERIOR COURT
The Honorable William G. Sleva, Judge
Cause No. 47D02-1101-CM-85

**September 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Mandy Craig appeals her conviction for class A misdemeanor possession of marijuana, claiming that the evidence is insufficient to support her conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

On January 18, 2011, Craig went to the Lawrence County Courthouse to pay a traffic ticket for a friend. At the time, Craig was carrying on her person a black "Harley Davidson" purse. Tr. at 30. After Craig entered the building, court security officer Larry Reed asked Craig, as he does all individuals carrying purses or handbags, whether she had any fingernail files, scissors, pocket knives, needles, razors, or anything that could be used as a weapon in her purse. Craig responded that she did not. Officer Reed then asked Craig if he could search her purse. Craig consented to the search and handed her purse to Officer Reed. During this routine security search of Craig's purse, Officer Reed discovered what he believed to be a burnt marijuana cigarette and a couple of pills. Following that discovery, Officer Reed asked Craig to sit on a bench while he summoned Lawrence County Police Officer Tyler Phillips. After observing and smelling the burnt cigarette found in Craig's purse, Officer Phillips identified the substance as marijuana due to its appearance and distinctive odor.

On January 19, 2011, the State charged Craig with class A misdemeanor possession of marijuana. A bench trial was held on October 18, 2011. The trial court found Craig guilty as

charged and sentenced her to four days in the Lawrence County Jail with two days of pretrial credit time. The trial court stayed execution of the sentence pending the conclusion of the appeal process. This appeal followed.

**Discussion and Decision**

Craig challenges the sufficiency of the evidence to support her conviction. When a defendant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn therefrom that support the trial court's finding of guilt. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We likewise consider conflicting inferences in the light most favorable to the conviction. *Id*. It is unnecessary that the evidence overcome every reasonable hypothesis of innocence. *Id*. We will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt. *Id*.

To convict Craig of possession of marijuana as a class A misdemeanor, the State alleged that she knowingly possessed marijuana in an amount of thirty grams or less. *See* Ind. Code § 35-48-4-11. Craig first contends that the State presented insufficient evidence that the item found in her purse was, in fact, marijuana. We disagree.

The State is not required to introduce the subject contraband to obtain a conviction for possession. *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009). The identity of a controlled substance may be established through witness testimony and circumstantial evidence. *Id*. While the type of circumstantial evidence usually contemplated for this purpose is the

3

opinion testimony of someone sufficiently experienced with the drug, "[t]his does not mean that proof by circumstantial evidence is within the exclusive realm of experienced drug users; other circumstantial evidence may be sufficient." *Clifton v. State*, 499 N.E.2d 256, 258 (Ind. 1986).

Here, ample circumstantial evidence supports the trial court's conclusion that the item found in Craig's purse was marijuana. Officer Phillips testified that he identified the burnt cigarette as marijuana based on its appearance and its smell. Officer Phillips stated that he had been specifically trained at the Indiana Law Enforcement Academy to recognize the odor of burnt marijuana. Officer Phillips also stated that, during his approximately three years of experience as a law enforcement officer, he had detected marijuana on other occasions due to its distinct odor. Likewise, security Officer Reed testified that he had been employed by the Lawrence County Sheriff's Department for seven years. He stated that he was trained at the "jail academy" to recognize drugs and drug paraphernalia. Tr. at 17-18. Officer Reed stated that he recognized the cigarette as a partially burnt marijuana cigarette due to its appearance and because "it smelled like it." *Id*. Moreover, the actual marijuana cigarette was introduced into evidence for observation by the factfinder. *Id*. at 23.

Despite this evidence, Craig maintains that the officers in the instant case lacked sufficient experience to identify the substance found in her purse and that "definitive proof" from chemical analysis was necessary to establish its identity. Appellant's Br. at 9.[1] Our supreme court has specifically rejected such argument. "Although chemical analysis is one way, and perhaps the best way, to establish the identity of a compound, persons experienced in the area may be able to identify cigarette smoke, marijuana, and even toluene. This is true even if every citizen may not be up to that task." *Vasquez v. State*, 741 N.E.2d 1214, 1216-17 (Ind. 2001). The record supports the trial court's conclusion that the officers in the instant case were sufficiently experienced with the smell and appearance of marijuana in order to establish its identity. The State presented sufficient circumstantial evidence to establish the identity of the substance found in Craig's purse as marijuana.

Craig next contends that the State presented insufficient evidence that she knowingly possessed the marijuana. A conviction for possession of contraband may be supported by either actual or constructive possession. *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). A person actually possesses contraband when she has direct physical control over it, whereas constructive possession occurs when a person has the intent and capability to maintain dominion and control over the contraband. *Gray*, 957 N.E.2d at 174.

---

[1] Craig urges that chemical testing on substances should be required as opposed to any type of "smell test" because the odor of marijuana can be associated with a variety of "cannabis scented" products such as cologne, incense, and candles. Appellant's Br. at 10. In addition to ignoring clear Indiana precedent which provides that chemical testing of suspected contraband is not required, Craig fails to explain how or why a burnt "roach," as it was referred to by her trial counsel, Tr. at 31, would somehow smell of marijuana due to cologne, incense or candles.

Craig argues that the State failed to prove that she had constructive possession of the marijuana because there was no evidence that she knew that the marijuana was in her purse. Appellant's Br. at 13. First, we think that proof of constructive possession is unnecessary in this case because the evidence presented establishes actual possession. Craig walked into the courthouse carrying her black "Harley Davidson" purse on her person. Tr. at 30. Craig testified that it was "my purse" and that the marijuana was discovered during the routine security search of her purse. *Id.* There is no question that Craig had direct physical control over the purse and the marijuana inside. Indeed, because she was carrying the purse on her person, this would be akin to finding contraband in her pocket. Accordingly, the State presented sufficient evidence of actual possession.

Second, even assuming arguendo that Craig did not actually possess the marijuana, the evidence was sufficient to show that she constructively possessed the marijuana. When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. *Griffin*, 945 N.E.2d at 784. In cases where the defendant has exclusive possession of the premises in which contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Id.* Here, Craig had exclusive control over the purse in which the marijuana was found. The purse belonged to her, and she was holding it just prior to the search. Tr. at 29. There was no evidence to the contrary, and her knowledge of the presence of the marijuana may reasonably be inferred. Craig's unfounded insinuations on appeal are merely invitations for us to reweigh the

evidence, which we may not do.  We conclude that the State presented sufficient evidence to

sustain Craig's conviction for possession of marijuana.

Affirmed.

RILEY, J., and BAILEY, J., concur.