**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender
Indianapolis, Indiana

**ANDERW BEAN**
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES R. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWKAN DARDEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-CR-892 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-PLaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1307-CM-43010

**June 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Shakwan Darden (Darden), appeals her conviction for possession of marijuana, a Class A misdemeanor, Ind. Code § 35-48-4-11(1).

We affirm.

## ISSUE

Darden raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Darden's conviction for possession of marijuana.

## FACTS AND PROCEDURAL HISTORY

On July 1, 2013, Derrick Alexander (Alexander) was driving Darden's vehicle and drove to Darden's residence to pick her up. Darden had let Alexander borrow the vehicle for the weekend. When Alexander arrived at Darden's home, he was dressed, as usual, in women's clothing and smelled strongly of perfume. When Darden got into the vehicle, she noted that everything appeared "normal." (Transcript p. 36).

Shortly after Alexander and Darden pulled off, they drove past Indiana State Trooper Joseph Vela-Braxton (Trooper Vela-Braxton), who ran the license plate number of the vehicle. The search indicated that Darden was the registered owner of the vehicle, and her license was suspended. After seeing this information, Trooper Vela-Braxton attempted to positively identify the driver by driving next to the vehicle, but Alexander was maneuvering in and out of traffic and traffic was heavy. From his limited viewpoint, Trooper Vela-Braxton believed that a female was driving based on Alexander's women's

clothing; consequently, he initiated a traffic stop. After Trooper Vela-Braxton approached the vehicle, he learned that Alexander was a male dressed in women's clothing. Trooper Vela-Braxton gathered the identification cards of both Alexander and Darden and checked Alexander's license with the BMV. He discovered that Alexander had a warrant for driving while suspended and placed him under arrest.

Trooper Vela-Braxton started to conduct a property search of Alexander. At some point, Indianapolis Metropolitan Police Officer Elliot (Officer Elliot) arrived on the scene and announced himself, and Trooper Vela-Braxton turned briefly to acknowledge him. Trooper Vela-Braxton then asked Darden to assist him by removing some of Alexander's body piercings. Darden exited the passenger seat, and as she turned to come around the corner of the rear passenger side of the bumper, Trooper Vela-Braxton observed that "a small plastic bag of marijuana had [fallen] on the ground." (Tr. p. 11). He did not see exactly where it came from but noted that the bag of marijuana had not been on the ground prior to Darden exiting the vehicle. He immediately placed Darden into handcuffs.

When questioned, Darden said that she did not know where the bag came from and that it was not hers. Trooper Vela-Braxton then conducted a search of her car. Based on his experience as an officer and his training in identifying marijuana, Trooper Vela-Braxton identified burnt marijuana cigarettes and "shake" on the floorboards and throughout the car. Trooper Vela-Braxton described "shake" as very small fragments of marijuana that have been "ground in" and can result from users rolling a marijuana

3

cigarette. (Tr. p. 15). Trooper Vela-Braxton said that the "shake" was too small to be collected, but testing confirmed that the substance in the bag was marijuana.

On July 1, 2013, the State filed an Information charging Darden with possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11(1). On October 1, 2013, a bench trial was held. At the close of the State's case-in-chief, Darden moved to dismiss under Trial Rule 41(B) for insufficient evidence. The trial court denied the motion and, following the close of the evidence, found Darden guilty as charged. The same day, the court held a sentencing hearing and sentenced Darden to 365 days, with 361 days suspended and credit for four days of time served, along with forty hours of community service.

Darden now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Darden claims that the State did not present evidence sufficient to prove beyond a reasonable doubt that she possessed marijuana. Specifically, Darden argues that Trooper Vela-Braxton's observation of marijuana on the ground near her as she approached the back of the vehicle, coupled with his observation of "shake" and small burnt marijuana cigarettes in the vehicle, is not sufficient to create a reasonable inference that she either actually or constructively possessed marijuana. When reviewing the sufficiency of evidence, this court only considers the evidence most favorable to the verdict and all the reasonable inferences which may be drawn from that evidence. *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). We do not reweigh the evidence of the case or

4

judge the credibility of the witnesses. *Id.* "We will only reverse a conviction when reasonable persons would not be able to form inferences as to each material element of the offense." *Id.*

To convict Darden of possession of marijuana as a Class A misdemeanor, the State was required to prove that she "knowingly or intentionally possessed marijuana" in an amount less than thirty grams. I.C. § 35-48-4-11(1). "It is well established that a conviction for possession of marijuana may be based upon actual or constructive possession." *Holmes v. State*, 785 N.E.2d 658, 660 (Ind. Ct. App. 2003). Actual possession occurs when a person has direct physical control over the contraband. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). "Constructive possession is established by showing that the defendant has the intent and capability to maintain dominion and control over the contraband." *Holmes*, 785 N.E.2d at 660. Darden argues that the State failed to present evidence that she possessed the bag of marijuana either through actual or constructive possession.

## I. Actual Possession

Darden argues the State failed to provide sufficient evidence that she actually possessed the bag of marijuana. The evidence most favorable to the trial court's verdict establishes that Darden did have direct physical control over the marijuana bag. Trooper Vela-Braxton testified that he saw the bag of marijuana fall from Darden's person as she walked around the corner of the car. Trooper Vela-Braxton acknowledged that he did not see exactly where the bag came from on her person, but he did see it fall from her "as she

5

was walking towards [him], at the rear passenger side of the bumper." (Tr. p. 12). Darden asserts that Trooper Vela-Braxton could not have noticed the bag fall from her person because the Trooper turned away to acknowledge Officer Elliot when he arrived on the scene as she was exiting the vehicle.

Darden relies on *Brent v. State,* 957 N.E.2d 648 (Ind. Ct. App. 2011), to argue that she did not actually possess the marijuana because Trooper Vela-Braxton did not actually see her discard it. In *Brent,* officers were following a vehicle suspected of engaging in drug activity. *Id.* at 649. The vehicle stopped very closely to a parked car and the officers noticed that the two occupants looked as if they were discarding something. *Id.* The officers subsequently found a bag of marijuana inside the parked vehicle. *Id.* The passenger of the car was arrested and charged with possession of marijuana, but this court held that there was no actual possession of the marijuana because the officers did not find the bag on the defendant's person or see him hold or discard the marijuana from the car. *Id.*

Contrary to Darden's claim, the record reveals that Officer Elliot arrived prior to Darden exiting the vehicle. Unlike *Brent,* Trooper Vela-Braxton testified that he saw the marijuana fall directly from Darden's person. However, Darden contends that Trooper Vela-Braxton's testimony is inconsistent with his probable cause affidavit, which did not state that he saw the bag of marijuana fall from Darden's person. Nevertheless, the trial court heard this discrepancy and assessed the credibility of the witnesses, and we will not

6

reweigh the trial court's evidentiary and credibility determinations. Accordingly, we conclude that there was sufficient evidence that Darden actually possessed the marijuana.

## II. Constructive Possession

In the alternative, even if there was no actual possession, Darden's contention that the State failed to provide sufficient evidence to permit an inference that she constructively possessed the bag of marijuana equally fails. In order to prove that a defendant has the intent and capability to maintain dominion and control over contraband, the State must demonstrate that the defendant knew of the presence of the contraband and was able to reduce the contraband to his personal possession. *Griffin*, 945 N.E.2d at 783. In cases where a defendant has exclusive possession of the premises on which contraband is found, an inference that he or she knew of its presence and was capable of controlling it is permitted. *Id.* at 784. When possession is not exclusive - as here - the inference is only permitted if there are some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id.* Some of the recognized "additional circumstances" are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) the contraband is in plain view; and (6) the location of the contraband is in close proximity to items owned by the defendant. *Id.*

In this case, the bag of marijuana found outside Darden's vehicle was in close proximity to Darden. Darden, however, argues that she had no knowledge as to how the

marijuana got there. She further argues that the incident occurred on a public street near businesses where people were working and where people can freely walk. Trooper Vela-Braxton testified that Darden was the sole person by the car at the time, and he did not observe the bag on the ground prior to Darden's exit from the car. Trooper Vela-Braxton immediately saw the bag on the ground as Darden walked around the corner of the bumper, and no other person had walked by or come within five feet of the vehicle. Darden relies on *Godar v. State*, 643 N.E.2d 12 (Ind. Ct. App. 1994), to argue that her mere presence near the bag of marijuana is not sufficient to form a reasonable inference that she had the intent or capability to exert dominion and control over the bag of marijuana. In *Godar*, the defendant, a passenger in a car, was charged with possession of marijuana when marijuana was found under the passenger seat because of his close proximity to it. *Id.* at 15. This court held that the State did not present sufficient evidence to support a finding of constructive possession because the marijuana was not in plain view to infer the defendant's knowledge of its presence. *Id.*

Unlike the defendant in *Godar*, who was sitting in a car where another driver was present, Darden was the only person at the location immediately before the marijuana bag was found. The bag was also in plain view, lying on the ground near Darden's feet. She was not merely present at the location; she was the only person present. Additionally, Trooper Vela-Braxton testified that he saw the bag fall from Darden's person as she came around the corner. Because the marijuana was in plain view and in close proximity to Darden, and no other person had walked by or been near the location where the bag was

8

found, we conclude that the State presented sufficient evidence to permit the inference that Darden knew of the marijuana's presence and was capable of maintaining dominion and control over it.

CONCLUSION

Based on the foregoing, we conclude that the State produced sufficient evidence to prove beyond a reasonable doubt that Darden possessed the bag of marijuana.

Affirmed.

ROBB, J. and BRADFORD, J. concur