## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2017, 6:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin S. Campbell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 26, 2017 <br><br> Court of Appeals Case No. <br> 72A01-1611-CR-2576 <br><br> Appeal from the Scott Superior Court <br><br> The Honorable Marsha Owens Howser, Judge <br><br> Trial Court Cause No. <br> 72D01-1304-CM-116 |

**Baker, Judge.**

[1] Dustin Campbell appeals his conviction for Class A Misdemeanor Possession of Marijuana,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On January 4, 2013, Indiana State Police arrived at Campbell's residence in Scott County at the request of his federal probation officer to serve an arrest warrant. As soon as the troopers entered the two-bedroom home, they noticed the smell of burnt marijuana combined with air freshener. The only individuals present in the house were Campbell, his girlfriend, and their child. Campbell's girlfriend was in the bathroom drying her hair when police arrived.

[3] Within one minute of entering the residence, Trooper Martin Wimp saw marijuana in plain view. The marijuana and rolling papers were just behind a dresser in the first room of the house, which was within arm's reach of the front door. Trooper Wimp also found marijuana, a roach clip, and a glass pipe inside of Campbell's bedroom in an open nightstand drawer. Campbell's girlfriend later identified the nightstand as Campbell's. The troopers also found mail and other items belonging to Campbell near the nightstand. Next to the mail, the troopers also found a can of spray air freshener.

---

[1] Ind. Code § 35-48-4-11 (2012).

On April 1, 2013, the State charged Campbell with Class A misdemeanor possession of marijuana.[2] At Campbell's September 28, 2016, trial, Campbell admitted that the marijuana was in plain view in the residence. While he claimed that the bedroom in which it was found belonged to William Bryant, Bryant testified that he was staying in the other bedroom, in which no drugs were found. Bryant testified that Campbell and his girlfriend slept in the bedroom where the marijuana was found. Tr. Vol. II p. 215-16. Bryant admitted that everyone in the house smoked marijuana, including Campbell. *Id.* at 219-20. Campbell posed the theory that the marijuana belonged to Bryant, but the jury did not find that theory compelling and found Campbell guilty as charged. On October 11, 2016, the trial court sentenced Campbell to one year of incarceration, with 275 days suspended to probation. Campbell now appeals.

## Discussion and Decision

Campbell's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found

---

[2] The State agreed to enter Campbell into a pretrial diversion agreement. On September 25, 2015, however, the State filed a motion informing the trial court that Campbell had not complied with the terms of the agreement. At that point, the parties prepared for trial.

the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[6] To convict Campbell of Class A misdemeanor possession of marijuana, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed marijuana. I.C. § 35-48-4-11 (2012). Possession may be actual or constructive, and here, the State alleged that Campbell constructively possessed marijuana. To prove constructive possession, the State must show that Campbell had both the intent and the capability to maintain dominion and control over the marijuana. *Thompson v. State*, 966 N.E.2d 112, 122 (Ind. Ct. App. 2012). When an individual does not have exclusive dominion over the premises, an inference indicating knowledge of and capability to maintain dominion and control over the contraband is permitting by showing additional circumstances. *Griffin v. State*, 945 N.E.2d 781, 784 (Ind. Ct. App. 2011). Additional circumstances may include incriminating statements, attempted flight or furtive gestures, proximity to the contraband, and plain view of the contraband. *Id.*

[7] Here, the record contains the following evidence relevant to Campbell's constructive possession of the marijuana:

- The state troopers noted that the house smelled of burnt marijuana and air freshener.
- Trooper Wimp found two bags of marijuana in plain sight in the house—the first within arm's reach of the front door and the second inside an open drawer on Campbell's nightstand.
- Campbell admitted that the drugs were in plain view.

- The marijuana on the nightstand was found near Campbell's mail and other possessions, as well as a can of air freshener.
- The residence belonged to Campbell. Another person who was staying there testified that the bedroom in which the marijuana was found was Campbell's bedroom, and Campbell's girlfriend testified that the nightstand was also his.
- The other person staying in Campbell's residence testified that Campbell smoked marijuana with him regularly.

We find that this evidence supports an inference indicating Campbell's knowledge and capability to maintain dominion and control over the marijuana. In other words, a reasonable factfinder could conclude, based on this evidence and the inferences reasonably drawn therefrom, that Campbell knowingly possessed the marijuana. Campbell's arguments to the contrary amount to a request that we reweigh evidence and re-assess witness credibility—a request we decline. We find the evidence sufficient.

[8] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.