## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Rory Gallagher
Victoria L. Bailey
Marion County Public Defender –
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rasoul Waddy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2018

Court of Appeals Case No.
18A-CR-640

Appeal from the Marion Superior Court

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G19-1709-CM-33245

**Mathias, Judge.**

[1] Rasoul Waddy ("Waddy") was convicted in the Marion Superior Court of driving while suspended, a Class A misdemeanor, and possession of marijuana,

a Class B misdemeanor. Waddy appeals only his conviction for possession of marijuana, arguing that the State presented insufficient evidence to support a conviction.

[2] We affirm.

## Facts and Procedural History

[3] On September 3, 2017, Officers Germayne Curry and Marc Klonne of the Indianapolis Metropolitan Police Department observed Rasoul Waddy driving a car on Forest Manor Avenue. The officers pulled him over after determining the license plate number did not match the car Waddy was driving. When the officers walked up to the window, they noticed the smell of marijuana. This smell became even stronger as Waddy rolled down the driver's side window. Waddy was the vehicle's only occupant.

[4] When Officer Curry asked Waddy for his license and registration, Waddy informed the officer that he did not have a license and that his license was suspended. Waddy then handed Officer Curry his State Identification Card. The officers searched the car, finding a handgun under the driver's seat and a mason jar containing marijuana in the glove compartment. The search was not challenged.

[5] Waddy was charged with carrying a handgun without a license, a Class A misdemeanor; driving while suspended, a Class A misdemeanor; knowingly or intentionally driving without ever having received a license, a Class A

misdemeanor; and possession of marijuana, a Class B misdemeanor. A bench trial was held on March 8, 2018.

[6] Waddy's girlfriend, Danetra Odom, testified that the vehicle belonged to her. On the day Waddy was pulled over, Odom let her friend, Endricca Smith, borrow the car for the day. Waddy testified that Smith showed up to Waddy's home intoxicated around 3:00 am. Because Smith was too intoxicated to drive, Waddy took the keys. He was driving to pick up Odom from work when the officers pulled him over.

[7] The trial court dismissed the handgun charge pursuant to Trial Rule 41(B). The trial court also found Defendant guilty of driving while suspended and determined that the charge merged with operating a vehicle without ever receiving a license. The trial court also found Waddy guilty of possession of marijuana.

[8] With respect to the possession of marijuana charge, the trial court found that Waddy had dominion and control over the vehicle and that the marijuana was within arm's reach. The trial court also found there was a strong odor of marijuana coming from the car at the time Waddy was pulled over. Because of these facts, the trial court found Waddy guilty of possession of marijuana.

## Discussion and Decision

[9] On appeal, Waddy presents one issue for our review: whether the State presented sufficient evidence to support a conviction of Possession of Marijuana based on a theory of constructive possession.

Our standard of review on claims of insufficient evidence is well settled. When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses. *Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied*. We instead respect the exclusive province of the finder of fact to weigh any conflicting evidence. *Id*. We consider only the probative evidence supporting the judgment and any reasonable inferences which may be drawn from this evidence, and we will affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id*.

This Court has long recognized that a conviction for possession of contraband can be established by actual or constructive possession. *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). Actual possession occurs when a defendant has direct physical control over an item. *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004). Constructive possession occurs when a person has both (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs. *Id.*

In order to fulfill the capability element, the State must demonstrate that the defendant was able to reduce the controlled substance to his personal possession. *Id*. To satisfy the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Id*. at 341. In the absence of exclusive possession by the defendant, the State does not have the benefit of the inference of the intent to maintain dominion and control of the

drugs, and instead must point to additional circumstances to demonstrate the defendant's knowledge of the contraband. *Wilkerson v. State*, 918 N.E.2d 459, 462 (Ind. Ct. App. 2009).

[13] Courts have looked to the following six additional circumstances to determine whether the evidence is sufficient to support a finding of constructive possession: i) incriminating statements made by the defendant; ii) attempted flight or furtive gestures; iii) location of substances like drugs in settings that suggest manufacturing; iv) proximity of contraband to the defendant; v) location of contraband within the defendant's plain view; and vi) the mingling of contraband with other items owned by the defendant. *Gee*, 810 N.E.2d at 341. *Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003); *Jones v. State,* 881 N.E.2d 1095, 1099–1100. However, this list is not exhaustive. *Gee*, 810 N.E.2d at 344. "[T]he State is required to show that whatever factor or set of factors it relie[d] upon in support of the intent prong of constructive possession, those factors or set of factors must demonstrate the probability that the defendant was aware of the presence of the contraband and its illegal character." *Id*.

[14] This Court has recognized the odor of marijuana as an additional circumstance to prove the defendant's knowledge of the presence of marijuana. *See Griffin*, 945 N.E.2d at 784 ("Moreover, Griffin should have been aware there was a possibility that marijuana was in the vehicle because Officer Alford testified that there was a strong odor of marijuana when he stepped out of his car.").

Waddy testified that he had no knowledge that the marijuana was in the vehicle. He also testified that he could not smell the marijuana at all.

In response to Waddy's testimony, the State relied on the arresting officer's testimony regarding the strong marijuana odor emanating from the vehicle as the additional circumstance demonstrating that the defendant was aware of the presence of the marijuana. Waddy did not dispute his close proximity to the marijuana within the vehicle.

The proximity of the Mason jar containing marijuana, and the odor of marijuana emanating from the vehicle at the time Waddy was pulled over were facts the trial court could rely upon to establish Waddy's intent to possess marijuana. Waddy's argument to the contrary is simply a request to reweigh the evidence and credibility of the witnesses, which this Court will not do.

## Conclusion

The State presented sufficient evidence to establish that Waddy constructively possessed marijuana. Waddy's conviction of Possession of Marijuana is affirmed.

Affirmed.

Bailey, J., and Bradford, J., concur.