## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 06 2019, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Hand | Ponist
Horvath Smith & Rayl, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dale Young,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 6, 2019

Court of Appeals Case No.
18A-CR-2818

Appeal from the Marion Superior Court

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G19-1808-CM-29189

**May, Judge.**

[1] Dale Young appeals his convictions of Class B misdemeanor possession of marijuana[1] and Class C misdemeanor possession of paraphernalia.[2] Young argues the State did not present sufficient evidence to prove he constructively possessed the marijuana and paraphernalia found in a backpack in the locked, detached garage on his property. We affirm.

## Facts and Procedural History

[2] Because of a prior conviction, Young signed a contract with Marion County Community Corrections ("MCCC") that "waive[d] his right against search seizure" and permitted MCCC staff or any law enforcement officer acting on MCCC's behalf to "search [his] person, residence, motor vehicle, or any location where [his] personal property may be found, to insure compliance with the requirements of community correction" while on probation. (State's Ex. 1 at 1.) Young was not to possess alcohol or non-prescribed drugs, and he was to notify Community Corrections of any changes in his home situation. (*Id*. at 1, 5.)

[3] On August 28, 2018, MCCC case managers, Frankie Piland and Brooklynn Baker, and Officer Steve Hoffman conducted a home visit with Young to verify his compliance with the MCCC contract. While investigating, Officer Hoffman

---

[1] Ind. Code § 35-48-4-11 (2018).

[2] Ind. Code § 35-48-4-8.3 (2015).

noted Young's locked, detached garage and obtained the key from Young. While inside the garage, Officer Hoffman noticed a backpack. Inside the backpack was a cannabis pipe and a glass mason jar containing marijuana.

[4] Young was arrested and subsequently charged with Class B misdemeanor possession of marijuana and Class C misdemeanor possession of paraphernalia. The trial court found Young guilty on both counts and sentenced him to 180 days for possession of marijuana and a sixty-days for possession of paraphernalia, to be served concurrently.

## Discussion and Decision

[5] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and "is sufficient if an inference may reasonably be drawn from it to support the

verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[6] Possession can be actual or constructive. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *modified on reh'g on other grounds*, 685 N.E.2d 698 (Ind. 1997). "Actual possession occurs when a defendant has direct physical control over an item, whereas constructive possession occurs when a person has the intent and capability to maintain dominion and control over the item." *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). We must determine whether the State proved Young constructively possessed the drugs and paraphernalia when he did not have direct physical control over the items the police found. "In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it." *Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003). If possession is non-exclusive, the inference of possession is not permitted unless additional circumstances indicate "knowledge of the presence of the contraband and the ability to control it." *Person v. State*, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996), *trans. denied*. Young argues the State did not provide sufficient evidence he knew the marijuana and paraphernalia were in the garage. We disagree.

[7] Young maintains that he was not in exclusive possession of the garage because his part-time roommate had access to the garage. Yet Piland testified that Young failed to "notify Community Corrections of any changes in [his] home

situation(s)…" as required by his contract with MCCC, (State's Ex. 1 at 5), and Officer Hoffman testified that Young "was the sole occupant of that house." (Tr. Vol. II at 12.)  Still, Young contends the State failed to include details useful in determining how many individuals lived in the house—*e.g.*, what clothing or personal items were in the bedrooms—thus his testimony that he had a roommate was uncontradicted and should be presumed truthful. (Appellant's Br. at 10.)  However, the trial court did not find Young's testimony credible.  (*See* Tr. Vol. II at 41) (trial court said, "I simply don't believe your client's testimony").  Because we do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient, we cannot rely on the evidence to which Young points.

[8] Because Young had exclusive possession and control over the detached garage, there was sufficient evidence to infer Young not only knew of the presence of the marijuana and paraphernalia but was also capable of controlling them. Young owned and lived in the house and, thus, owned the detached garage. "[A] house or apartment used as a residence is controlled by the person who lives in it and that person may be found in control of any drugs discovered therein, whether he is the owner, tenant, or merely an invitee." *Martin v. State*, 372 N.E.2d 1194, 1197 (Ind. Ct. App. 1978).  Young possessed the key that opened the locked, detached garage.  Young's belongings—clippers, lawnmowers, and tools—were in the garage near the backpack containing the marijuana and paraphernalia.  This evidence is sufficient to support the court's conclusion that Young had constructive possession of the marijuana and

paraphernalia. *See Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999) (defendant possessed cocaine when he had the key that opened the trunk of the car and his clothes were near the cocaine).

# Conclusion

[9] The State presented sufficient evidence to prove Young possessed the marijuana and paraphernalia found in his locked, detached garage. Accordingly, we affirm his convictions.

[10] Affirmed.

Mathias, J., and Brown, J., concur.