## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2019, 6:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Johnny Cross,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 12, 2019

Court of Appeals Case No.
18A-CR-2499

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause Nos.
71D02-1403-FC-64
71D02-1510-F5-227

**Pyle, Judge.**

# Statement of the Case

David Johnny Cross ("Cross") appeals his conviction following a jury trial of Level 5 felony carrying a handgun without a license.[1]  He argues that there is insufficient evidence to support his conviction.  Concluding that the evidence is sufficient, we affirm Cross' conviction.

We affirm.

# Issue

Whether there is sufficient evidence to support Cross' conviction.

# Facts

The facts most favorable to the verdict reveal that the trial court issued a bench warrant for Cross' arrest in March 2015.  Seven months later, Cross was still at large.  South Bend Police Department officers noticed Cross' car parked in front of a house.  Two officers who were assigned to watch Cross' car and the house noticed Cross leave the house carrying a drawstring bag.

Cross got into the front passenger seat of Dornisha Wallace's ("Wallace") car and Wallace drove away from the house.  Cross placed the drawstring bag at his feet when he got into the car.  In the first two to three minutes that Cross

---

[1] IND. CODE § 35-47-2-1.

was in the car, Wallace saw him bend down near the bag, but she could not see what he was doing.

[5] Police officers followed the car, and they noticed Cross moving around in the passenger seat and looking out the back window at them. Cross told Wallace to pull over into a parking lot to see what the officers would do. As the officers surrounded Wallace's car, Cross exited the vehicle without being asked to do so. One of the officers placed Cross in the back of a police car. When an officer asked Cross what he would find in the car, Cross responded, "maybe a gun." (Tr. at 64). A search of the vehicle revealed a handgun under the front passenger's seat. The gun's grip was facing forward, and the gun was located next to Cross' bag.

[6] Wallace told the officers that the gun did not belong to her and that she had never seen it. She further explained that she had just purchased the car two to three days before and she had cleaned and vacuumed under all the seats at that time. She had found nothing under the seats. Cross was the first person to ride in the front passenger seat.

[7] A jury convicted Cross of Level 5 felony carrying a handgun without a license. He now appeals.

## Decision

[8] Cross argues that there is insufficient evidence to support his conviction for Level 5 felony carrying a handgun without a license. Specifically, he contends that there is insufficient evidence that he constructively possessed the handgun.

Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[9] In order to convict Cross of Level 5 felony carrying a handgun without a license, the State had the burden to prove beyond a reasonable doubt that Cross carried a handgun without a license in a vehicle or on or about his person after having previously been convicted of a felony within fifteen years. *See* IND. CODE § 35-47-2-1. To satisfy these elements, the State must prove the defendant had either actual or constructive possession of the handgun. *Negash v. State*, 113 N.E.3d 1281, 1291 (Ind. Ct. App. 2018). Actual possession occurs when a person has direct physical control over an item, whereas constructive possession occurs when a person has the intent and the capability to maintain dominion and control over the item. *Id.*

[10] To fulfill the intent element of constructive possession, the State must demonstrate the defendant's knowledge of the presence of the firearm. *Griffin v. State*, 945 N.E.2d 781, 783 (Ind. Ct. App. 2011). In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he knew of the presence of the contraband and was capable of controlling it. *Id. see also Causey v. State*, 808 N.E.2d 139, 143 (Ind.

Ct. App. 2004) (explaining that knowledge may be inferred from exclusive dominion and control over the premises containing the firearm). Where the control is non-exclusive, knowledge may be inferred from evidence of additional circumstances pointing to the defendant's knowledge of the presence of the firearm. *Causey*, 808 N.E.2d at 143. These additional circumstances may include: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5) the mingling of a firearm with other items owned by the defendant. *Deshazier v. State*, 877 N.E.2d 200, 206 (Ind. Ct. App. 2007), *trans denied*. To fulfill the capability requirement of constructive possession, the State must demonstrate that the defendant had the ability to reduce the firearm to his personal possession. *Griffin*, 945 N.E.2d at 783.

[11] Here, our review of the evidence reveals that the handgun was under Cross' seat next to his bag and easily within his reach. Cross was therefore able to reduce the handgun to his personal possession. Further, although Cross did not have exclusive possession of the vehicle where the handgun was found, there were additional circumstances proving Cross' knowledge of the presence of the handgun and his ability to control it. First, Cross made an incriminating statement to the officers that they might find a gun in Wallace's car. The police officers noticed Cross moving around in the car and looking back at them. The gun was found under the front passenger seat next to Cross' bag. Cross was the first person to ride in the front passenger seat. Together, the incriminating

statement, Cross' furtive gestures, and his close proximity to the gun demonstrate the additional circumstances required to show his knowledge of the handgun and ability to maintain dominion and control over it.

[12] Based on this evidence, we find that there was sufficient evidence that Cross constructively possessed the handgun to support his conviction for carrying a handgun without a license. Cross' arguments are simply a request that we reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146.

[13] Affirmed.

Riley, J., and Bailey, J., concur.