## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2020, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

De Juna Don Sho Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 24, 2020

Court of Appeals Case No.
20A-CR-560

Appeal from the Marion Superior Court

The Honorable Grant Hawkins, Judge
The Honorable Peggy Hart, Judge Pro Tempore

Trial Court Cause No.
49G05-1910-F4-41132

**Pyle, Judge.**

# Statement of the Case

[1] De Juna Don Sho Cox ("Cox") was found guilty, following a jury trial, of Level 4 felony unlawful possession of a firearm by a serious violent felon[1] and Class A misdemeanor resisting law enforcement.[2] Cox was also found to be an habitual offender.[3] On appeal, Cox challenges only the unlawful possession of a firearm conviction, arguing that there was insufficient evidence to support it. Concluding that the State presented sufficient evidence, we affirm Cox's conviction. However, we remand for correction of the sentencing order.

[2] We affirm and remand with instructions.

# Issue

Whether sufficient evidence supports Cox's unlawful possession of a firearm by a serious violent felon conviction.

# Facts

[3] On October 21, 2019, Indianapolis Metropolitan Police ("IMPD") Officer Michael Stachowicz ("Officer Stachowicz") observed that the driver of an SUV failed to stop at a stop sign. Officer Stachowicz, who was driving a fully marked police vehicle and wearing a police uniform, initiated a traffic stop.

---

[1] IND. CODE § 35-47-4-5.

[2] I.C. § 35-44.1-3-1.

[3] I.C. § 35-50-2-8.

The driver of the SUV initially pulled over but then abruptly performed a U-turn. Officer Stachowicz pursued the SUV and notified dispatch that he was in pursuit.

[4] After a brief pursuit, which was joined by other IMPD officers, the driver of the SUV stopped in an alley. Three males exited the vehicle and fled on foot. Officer Stachowicz identified himself as a law enforcement officer and yelled at the men to stop. Officer Stachowicz took note of what the individuals were wearing, observing that the driver was wearing a "red hoody[,]" the rear passenger was wearing a "black hoody[,]" and Cox, the front seat passenger was wearing a "gray hoody[.]" (Tr. Vol. 2 at 119). Officer Stachowicz pursued and apprehended the driver while other officers pursued the other men. IMPD Officer Nicholas Snow ("Officer Snow") pursued and apprehended Cox. Officers never located the rear passenger.

[5] Following the foot pursuit, the officers returned to the SUV in the alley. When the officer looked into the SUV, they observed in plain view an AR-15 rifle on the floorboard under the front passenger seat where Cox had been sitting and a handgun on the driver's seat. Thereafter, Officer Snow, who is also an ATF gun liaison, began to process the scene by taking photographs, securing the weapons, and taking DNA swabs from the weapons. Both firearms were loaded with bullets in the chambers. After Officer Snow had processed the firearms, he submitted them for forensic testing. The Marion County Forensic Agency was unable to locate fingerprints on the AR-15 rifle, and there was an insufficient amount of DNA present on the firearm to perform a test.

[6]     The State charged Cox with Level 4 felony unlawful possession of a firearm and Class A misdemeanor resisting law enforcement, while also alleging that he was an habitual offender. Thereafter, the trial court conducted Cox's jury trial. Officer Stachowicz, Officer Snow, and Alaina Kreger from the Marion County Forensic Services Agency testified to the facts above. During the trial, Cox and the State stipulated that if Cox "possessed a firearm," "it was unlawful for him to do so." (State's Ex. 33). At the conclusion of the evidence, the jury found Cox guilty of both charges. Cox then waived his right to a jury trial on whether he was a serious violent felon and an habitual offender. Thereafter, the trial court found that Cox was both a serious violent felon and an habitual offender.

[7]     During the subsequent sentencing hearing, the trial court sentenced Cox to eight (8) years for the Level 4 felony unlawful possession of a firearm by a serious violent felon conviction and a concurrent one (1) year sentence for the Class A misdemeanor resisting law enforcement conviction. The trial court then ordered Cox to serve a "consecutive[]" nine (9) year-sentence for the habitual offender enhancement for an aggregate seventeen (17) year executed sentence in the Department of Correction.[4] (Tr. Vol. 3 at 5). Cox now appeals.

---

[4] We note that the trial court imposed this aggregate sentence by improperly treating the habitual offender finding as a separate conviction. The trial court sentenced Cox to nine years for being an habitual offender and ordered the sentence to be served consecutively with his sentence for Level 4 felony unlawful possession of a firearm by a serious violent felon. An habitual offender determination is not a separate crime and should not result in a consecutive sentence. I.C. § 35-50-2-8(j). Instead, the habitual offender determination allows the trial court to impose an *enhanced* sentence for the underlying felony. *See J.L.H. v. State*, 642 N.E.2d 1368, 1371 (Ind. 1994). The trial court should have enhanced Cox's eight-year sentence for unlawful possession of a firearm by a serious violent felon by nine years for being an habitual offender. *See Roark v. State*, 829

# Decision

[8] Cox challenges the sufficiency of the evidence for his unlawful possession of a firearm by a serious violent felon conviction. Specifically, Cox does not challenge his status as a serious violent felon; rather, he contends that the State failed to prove that he constructively possessed the AR-15 rifle found under the front passenger seat of the SUV.

[9] Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147.

[10] In order to convict Cox of unlawful possession of a firearm by a serious violent felon, the State was required to prove that he knowingly or intentionally possessed a firearm after having been convicted of a qualifying felony. *See* I.C. § 35-47-4-5(c). To prove that a defendant possessed an item, the State may

---

N.E.2d 1078, 1080 n.5 (Ind. Ct. App. 2005) (trial court improperly sentenced the habitual offender status as a separate crime), *trans*. *denied*. We remand for the trial court to correct the sentence.

prove either actual or constructive possession. *Payne v. State*, 96 N.E.3d 606, 610 (Ind. Ct. App. 2018), *trans. denied*. Actual possession occurs "when a person has direct physical control over [an] item." *Sargent v. State*, 27 N.E.3d 729, 733 (Ind. 2015). When, as in this case, the State proceeds on a theory of constructive possession, it must show that the defendant had "both the intent and capability to maintain dominion and control over the [handgun]." *Bradshaw v. State*, 818 N.E.2d 59, 62-63 (Ind. Ct. App. 2004).

[11] To prove intent to maintain dominion and control, the State must demonstrate the defendant's knowledge of the presence of the firearm. *Griffin v. State*, 945 N.E.2d 781, 784 (Ind. Ct. App. 2011). In cases where the accused has exclusive possession of the premises in which the contraband is found, an inference is permitted that he knew of the presence of the contraband and was capable of controlling the contraband. *Id*. Where, as here, the control is non-exclusive, knowledge may be inferred from evidence of additional circumstances pointing to the defendant's knowledge of the presence of the firearm. *Causey v. State*, 808 N.E.2d 139, 143 (Ind. Ct. App. 2004). These additional circumstances may include, but are not limited to: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; or (5) the mingling of a firearm with other items owned by the defendant. *Id*. From these additional circumstances, a reasonable fact-finder must determine beyond a reasonable doubt whether the defendant knew of the nature and presence of the contraband. *Johnson v. State*, 59 N.E.3d 1071, 1074 (Ind. Ct.

App. 2016). The capability prong of constructive possession requires that the State demonstrate that the defendant had the ability to maintain dominion and control over the handgun; in other words, to reduce the handgun to his personal possession. *Griffin*, 945 N.E.2d at 783.

[12] Beginning with the capability element, Officer Stachowicz and Officer Snow both testified that the AR-15 rifle was in plain view under the front passenger seat that Cox had previously occupied. Furthermore, the State introduced photographic evidence of the front passenger seat showing the AR-15 on the floorboard. Because the AR-15 rifle was in such close proximity to Cox, it was reasonable to infer that he had the capability to reduce the firearm to his personal possession. Thus, the State presented sufficient evidence to show that Cox had the ability to maintain dominion and control over the handgun.

[13] There was also sufficient evidence to satisfy the intent element of constructive possession. Here, the evidence revealed that Cox was the front passenger in a vehicle where an AR-15 rifle was found in plain view under the front passenger seat. When Officer Stachowicz attempted to conduct a traffic stop, the SUV fled, and a vehicle pursuit ensued. Once the SUV stopped, Cox fled the scene on foot. Thus, it was reasonable for the jury to infer that Cox had knowledge of the nature and presence of the AR-15 rifle due to his flight, close proximity to the rifle, and the rifle's location in plain sight. *See Deshazier v. State*, 877 N.E.2d 200, 208 (Ind. Ct. App. 2007) (explaining that our courts are more likely to find sufficient evidence of constructive possession "where evidence suggests that a vehicle's passenger could see the handgun, was in the best position to access the

gun, and no evidence clearly indicates the gun belonged to or was under the control of another occupant in the vehicle."), *trans. denied*.

[14] Cox's arguments to the contrary merely amount to a request to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146. Based on the evidence presented at trial, the jury, as the trier of fact, could have reasonably determined that Cox had the intent and capability to maintain dominion and control over the AR-15 rifle and that he constructively possessed it. Accordingly, we affirm Cox's Level 4 felony unlawful possession of a firearm by a serious violent felon conviction.

[15] Affirmed and remanded with instructions.

Kirsch, J., and Tavitas, J., concur.