## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2018, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 27, 2018

Court of Appeals Case No.
71A03-1712-CR-2948

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1706-F4-30

**May, Judge.**

[1] Charles Johnson appeals his conviction of Level 4 felony unlawful possession of a firearm by a serious violent felon.[1] He asserts the State did not present sufficient evidence he constructively possessed the firearm. We affirm.

## Facts and Procedural History

[2] In the early morning hours of June 13, 2017, South Bend Police Officers David Boutsomsy and Brandon Martin were parked at a gas station when they saw a tan Ford Explorer pull into the parking lot and then, without anyone exiting or entering the vehicle, quickly pull back out. The officers followed the Explorer, observed the driver fail to use a turn signal, and noted the vehicle did not have a properly lit license plate.

[3] Once Officer Boutsomsy activated his lights to initiate a traffic stop, the Explorer sped away. The officers pursued the Explorer until it crashed into a tree. The officers saw both the driver and passenger exit the Explorer and flee on foot. Officer Boutsomsy chased them but, when they split up, he followed the passenger, who was later identified as Johnson. Officer Boutsomsy caught up with Johnson as Johnson started kicking and pounding on the door of a nearby apartment. Johnson was arrested. Johnson first gave his name as "Carlos Smith" (Tr. Vol. 3 at 36), and claimed he was seventeen years old and preparing to enter the military. He also claimed he had not been in the

---

[1] Ind. Code § 35-47-4-5 (2016).

Explorer but rather had been sitting at a picnic table with his girlfriend when he saw the wreck.

[4] During the investigation, officers discovered the Explorer had been reported stolen the day before. Officers found two guns in the vehicle - a .22 caliber rifle leaning against the front passenger seat and a Colt .380 caliber handgun between the console and front passenger seat. The owner of the Explorer testified no firearms were in the vehicle when it was stolen.

[5] The State charged Johnson with Level 4 felony unlawful possession of a firearm by a serious violent felon. On September 26, 2017, a jury trial commenced. Johnson admitted to being in the passenger seat but claimed he did not see the firearms. Johnson claimed he had run and had given false information because he was on probation and thought he would get in more trouble.

[6] Ashley Nailon, Johnson's sister, testified Travion Smith had been driving the Explorer earlier in the evening and had given Johnson a ride to the grocery store. When Nailon and her family could not locate Johnson the next day, Nailon confronted Smith. Nailon testified Smith told her that he "had to leave [his] guns. [He] had two guns in the car." (Tr. Vol. 4 at 20.) The State questioned Nailon as to why she had not come forward with this information before the day of the trial. Nailon stated she had told Johnson's attorney but that he later told her "he didn't recall [her] telling him every little bitty thing." (*Id.* at 24.) She also stated she had not disclosed this information to the State even though she was allowed to ask defense counsel if she could.

[7] The jury found Johnson guilty. The trial court sentenced Johnson to twelve years on the firearm conviction, with eight years executed and four years suspended to probation. Because the conviction violated the terms of Johnson's probation in a prior case, the trial court also revoked his probation therein and ordered him to serve eight years, with six years executed and two years suspended to probation, consecutive to the new firearm sentence.

# Discussion and Decision

[8] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

[9] Johnson contends the State did not present sufficient evidence to allow the jury to make a reasonable inference he constructively possessed either firearm because the vehicle, in which Johnson was a passenger, was not under

Johnson's control or dominion, Johnson made no furtive movements in the vehicle prior to fleeing, and Johnson did not make any incriminating statements about possessing either firearm. The State counters that not only did it present sufficient evidence Johnson constructively possessed the firearm but also sufficient evidence he *actually* possessed them due to the proximity of the firearms to Johnson's location in the vehicle, Johnson's flight from the vehicle, and Johnson's false information regarding his name, age, and whereabouts during the car crash.

[10] Possession of an item may be either actual or constructive. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). "Actual possession occurs when a person has direct physical control over the item." *Id*. Constructive possession occurs when someone has "the intent and capability to maintain dominion and control over the item." *Id.* Possession may be exclusive or joint. Joint possession can be shown without proof the "defendant had actual physical control" of the item in question. *Godar v. State*, 643 N.E.2d 12, 14 (Ind. Ct. App. 1994), *reh'g denied, trans. denied.* If non-exclusive, however, the State must prove the defendant had actual knowledge of the firearm and the illegal character of possessing it. *Id*.

[11] Additional circumstances that support finding a defendant had the intent and capability to maintain dominion and control over contraband kept in non-exclusive premises include: "(1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5)

the mingling of a firearm with other items owned by the defendant." *Causey v. State*, 808 N.E.2d 139, 143 (Ind. Ct. App. 2004).

[12] Although the State argues it proved actual possession, Johnson only addresses constructive possession. When Nailon made her at-trial revelation that Smith admitted owning the guns, the trial court had a discussion with counsel during which the court opined the State was not precluded from arguing joint possession by the passenger and driver. (*See* Tr. Vol. 4 at 7-8.) In its closing, the State specifically defined actual and constructive possession and told the jury constructive possession "is what the defendant is guilty of; [sic] he had knowledge." (*Id*. at 81.) Therefore, we will analyze whether the State provided evidence beyond a reasonable doubt that Johnson and the driver jointly possessed the firearms constructively.

[13] Here, Crime Scene Technician Paul Daley testified to photo-documenting the scene. The State introduced photo evidence of the passenger seat showing some items in the seat and in the floorboard along with a long gun propped against the front of the passenger seat nearest the console and a handgun shoved between the passenger seat and the console. A subsequent photo showed the handgun on the passenger seat. Technician Daley testified that after the handgun had been removed from between the seat and console, he "placed it on the seat so [he] could get a better picture of it." (Tr. Vol. 3 at 52.) Technician Daley testified his photo-documentation of the scene occurs "prior to anybody being around it, and just documenting the scene as it is presented to [him]." (*Id*. at 51.)

Although Nailon testified Smith had said the guns were his, that does not preclude either 1) the jury's disbelief of her statements or 2) joint possession of the firearms. *See Henderson v. State*, 715 N.E.2d 833, 836-37 (Ind. 1999) (comparison of different constructive possession cases wherein proximity to the firearm weighed heavily in the calculus of possession, such that if the firearm was in the trunk, the defendant was not "carrying" it but if three firearms were under the three respective seats of the defendants, it was reasonable to infer each possessed one). Therefore, even if Nailon was testifying truthfully about statements by Smith and even if Smith was truthful the guns belonged to him, it was not unreasonable for the jury to infer Johnson had non-exclusive constructive possession over one or both firearms due to the proximity of the firearms to where Johnson admitted he was sitting in the vehicle.

Johnson did not make incriminating statements about the firearms but he did flee the scene, both firearms were in close proximity to Johnson, and the rifle was in plain sight. Johnson's arguments that he fled only because he was on probation are a request for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). The State presented evidence the firearms were located near or on the passenger seat where Johnson admitted he was sitting. Johnson's arguments the police placed the rifle in the passenger seat floorboard is an invitation for us to reweigh the evidence, which we cannot do. *See id.* We conclude the State presented sufficient evidence Johnson had joint constructive

possession of the firearms.[2] *See Deshazier v. State*, 877 N.E.2d 200, 208 (Ind. Ct. App. 2007) (constructive possession of a handgun based on Deshazier's furtive gestures, flight from officer, and sitting on the gun), *trans. denied.*

# Conclusion

The State presented sufficient evidence Johnson committed Level 4 felony unlawful possession of a firearm by a serious violent felon based on a theory of non-exclusive constructive possession. Accordingly, we affirm.

Affirmed.

Riley, J., and Mathias, J., concur.

---

[2] If preponderance of evidence supporting an allegation of the commission of a new crime is presented, even without conviction of a new crime, we will affirm the revocation of probation. *Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct. App. 1995), *reh'g denied, trans. denied.* One violation of a condition of probation is enough to support a probation revocation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). As the State presented sufficient evidence Johnson committed the new crime under the heightened standard of beyond a reasonable doubt, sufficient evidence was presented to support the revocation of Johnson's probation under a preponderance of the evidence standard; therefore, we need not address Johnson's arguments to reverse his probation revocation based on insufficient evidence to support this conviction. *See Henderson v. State*, 544 N.E.2d 507, 512 (Ind. 1989) (affirmed trial court proceeding of combined sentencing and probation revocation wherein trial court took judicial notice of conviction of new crime to support probation revocation).